[No. C021366. Third Dist. Oct. 5, 1995.]

JOYCE G., Petitioner, v.
THE SUPERIOR COURT OF NEVADA COUNTY, Respondent;
NEVADA COUNTY CHILD PROTECTIVE SERVICES, Real Party in
Interest.

**COUNSEL**

Richard N. Campbell, Public Defender, and Daniel M. Geffner, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

James A. Curtis, County Counsel, and Keith C. Johnson, Deputy County Counsel, for Real Party in Interest.

**OPINION**

**PUGLIA, P. J.—**

I

Petitioner seeks an extraordinary writ, pursuant to rule 39.1B of the California Rules of Court, to vacate the order of the respondent court directing that a selection and implementation hearing be held pursuant to Welfare and Institutions Code section 366.26 to consider a permanent plan for petitioner's minor child.[1]

The petition for writ is substantively meager and the "supporting" points and authorities are even less helpful, if that is possible. Since review by extraordinary writ is not of right, but is addressed to the sound discretion of the court, this petition would ordinarily be a good candidate for summary denial. (See *Rayna R.* v. *Superior Court* (1993) 20 Cal.App.4th 1398, 1407

---

[1]Further statutory references to sections of an undesignated code are to the Welfare and Institutions Code. References to rules are to the California Rules of Court.

[25 Cal.Rptr.2d 259].) However, subdivision (*l*) of section 366.26 and rule 39.1B have been judicially construed to require an alternative writ or order to show cause to issue and a decision by written opinion to be rendered in every such proceeding. (*In re Shaundra L.* (1995) 33 Cal.App.4th 303, 314-316 [39 Cal.Rptr.2d 299]; see also *James B.* v. *Superior Court* (1995) 35 Cal.App.4th 1014, 1018 [41 Cal.Rptr.2d 762].) ██ Thus, a threshold question is presented whether the writ review created by section 366.26 subdivision (*l*) and implemented by rule 39.1B excludes summary denial as a dispositional option and, if not, under what circumstances is it an appropriate disposition. Addressing that issue, we shall conclude, contrary to *In re Shaundra L.*, *supra*, 33 Cal.App.4th 303, that the Legislature did not intend to require an alternative writ or order to show cause and a decision by written opinion in all rule 39.1B writ proceedings. Quite the contrary, the Legislature considered such requirements but then expressly rejected them. The language, legislative history, and historical background of the 1994 amendments to section 366.26 demonstrate the Legislature contemplated that the courts would exercise discretion in appropriate cases summarily to deny rule 39.1B petitions. ██ We shall further conclude that summary denial is appropriate in limited circumstances i.e., when the petition (1) is untimely filed, (2) fails to tender and substantively to address a material issue or issues, (3) is not supported by an adequate record, or (4) when a full examination of the proceedings reveals that petitioner has not tendered an arguable issue. Applying these principles to the instant petition, we conclude after an examination of the record and the written submissions of the parties that petitioner has not tendered an arguable issue. Accordingly, we shall deny the petition summarily.

## II

██ Reunification is the third of the four "phases" of juvenile dependency proceedings. It is preceded by the jurisdiction and disposition phases and, where reunification fails, it is followed by selection and implementation of a permanent plan. (*In re Matthew C.* (1993) 6 Cal.4th 386, 391 [24 Cal.Rptr.2d 765, 862 P.2d 765].) When the juvenile court at the 12-month or 18-month status review hearing orders the termination of reunification services, the court must set the matter within 120 days for a section 366.26 hearing to select and implement a permanent plan at which time parental rights may be terminated. (See generally, *In re Matthew C.*, *supra*, 6 Cal.4th at pp. 391-392; *Cynthia D.* v. *Superior Court* (1993) 5 Cal.4th 242, 249 [19 Cal.Rptr.2d 698, 851 P.2d 1307]; §§ 366.21, subds. (g)(3), (h), 366.22, subd. (a), 366.26, subd. (b)(1).)

When the Supreme Court decided *In re Matthew C.*, former subdivision (k) of section 366.26 provided that an order setting a section 366.26 hearing "is

not an appealable order, but may be the subject of review by extraordinary writ." (See Stats. 1991, ch. 820, § 5; Stats. 1992, ch. 163, § 140.) *In re Matthew C.* held that this language meant the order setting a section 366.26 hearing, though not appealable, could be reviewed immediately by extraordinary writ and thereafter in an appeal from the final order made at the section 366.26 hearing. (6 Cal.4th at p. 401.)

In 1994, the Legislature, responding to the decision in *In re Matthew C.*, replaced the language in former subdivision (k) regarding appealability with that of current subdivision (*l*) of section 366.26. (Stats. 1994, ch. 1007, § 2.)[2]

Subdivision (*l*)(1) of section 366.26 provides that an order setting a section 366.26 hearing is not "appealable at anytime unless" specified steps are timely taken to secure review by extraordinary writ. In order to obtain review on appeal from the final order in the section 366.26 hearing of issues subsumed within an order setting a section 366.26 hearing, a party must first timely file a writ petition seeking review of the order setting the section 366.26 hearing; the petition must substantively address the specific issues to be challenged; the petition must be supported by an adequate record; and finally, the petition must have been "summarily denied or otherwise not decided on the merits." (§ 366.26, subd. (*l*)(1)(C).)

Subdivision (*l*)(2) of section 366.26 states that failure of a writ petitioner to comply with the specified steps set out in subdivision (*l*)(1) "shall preclude subsequent review by appeal of the findings and orders made pursuant to this section."[3]

Subdivision (*l*)(3) of section 366.26 requires the Judicial Council to adopt rules ensuring that trial courts advise the parties regarding writ review, that

---

[2]Senate Bill No. 1531, 1993-1994 Regular Session, was chaptered as Statutes 1994, chapter 1007, section 2. An Assembly bill pertaining to the same subject matter (Assem. Bill No. 2982, 1993-1994 Reg. Sess.) was chaptered as Statutes 1994, chapter 324, but because chapter 1007 was enacted later, section 2 of chapter 1007 became operative and effected the amendments to section 366.26. (Stats. 1994, ch. 1007, § 3.)

[3]In stating that an order setting a section 366.26 hearing is "not appealable at anytime unless" certain specified steps are taken, subdivision (*l*)(1) of section 366.26 erroneously implies such an order will be "appealable" if those steps are taken. But as subdivision (*l*)(2) of section 366.26 makes clear, that order and the findings subsumed within it may be "reviewed" in an appeal not from the order setting the section 366.26 hearing, which in no event is itself appealable, but in an appeal from the final order made at the section 366.26 hearing.

Subdivision (*l*)(2) of section 366.26 states that failure of a petitioner to comply with the procedures specified in subdivision (*l*)(1) "shall preclude subsequent review by appeal of the findings and order made *pursuant to this section.*" (Italics added.) "This section" is of course section 366.26. At the time of the review sought by writ petition, there have been no proceedings pursuant to section 366.26 and thus no findings or order thereunder. Rather, the writ review sought is of findings subsumed within a referral order pursuant to sections 366.21 or 366.22. It is the appellate review of *those* findings, not "the findings and order made

trial records are promptly transmitted to the appellate court, that "adequate time requirements" for counsel and the court "exist" to implement the procedure, and that parents or guardians or trial counsel or other counsel be charged with responsibility for filing writ petitions.

Finally, subdivision (*l*)(4) of section 366.26 states it is the Legislature's intent to "achieve a substantive and meritorious [*sic*] review by the appellate court" within the 120-day time limit specified in sections 366.21 and 366.22, and to "[e]ncourage the appellate court to determine all [such] writ petitions. . . . on their merits"[4]

### III

 "[T]he objective of statutory interpretation is to ascertain and effectuate legislative intent. [Citations.] In determining intent, we look first to the words themselves. [Citations.] When the language is clear and unambiguous, there is no need for construction. [Citations.] When the language is susceptible of more than one reasonable interpretation, however, we look to a variety of extrinsic aids, including the ostensible objects to be achieved, the

pursuant to" section 366.26, which is foreclosed by failure to comply with subdivision (*l*)(1) of section 366.26.

[4]Subdivision (*l*) of section 366.26 provides: "(1) An order by the court that a hearing pursuant to this section be held is not appealable at anytime unless all of the following applies: [¶] (A) A petition for extraordinary writ review was filed in a timely manner. [¶] (B) The petition substantively addressed the specific issues to be challenged and supported that challenge by an adequate record. [¶] (C) The petition for extraordinary writ review was summarily denied or otherwise not decided on the merits. [¶] (2) Failure to file a petition for extraordinary writ review within the period specified by rule, to substantively address the specific issues challenged, or to support that challenge by an adequate record shall preclude subsequent review by appeal of the findings and orders made pursuant to this section. [¶] (3) The Judicial Council shall adopt rules of court, effective January 1, 1995, to ensure all of the following: [¶] (A) A trial court, after issuance of an order directing a hearing pursuant to this section be held, shall advise all parties of the requirement of filing a petition for extraordinary writ review as set forth in this subdivision in order to preserve any right to appeal in these issues. This notice shall be made orally to a party if they are [*sic*] present at the time of the making of the order or by first-class mail by the clerk of the court to the last known address of a party not present at the time of the making of the order. [¶] (B) The prompt transmittal of the records from the trial court to the appellate court. [¶] (C) That adequate time requirements for counsel and court personnel exist to implement the objective of this subdivision. [¶] (D) That the parent or guardian, or their trial counsel or other counsel, is charged with the responsibility of filing a petition for extraordinary writ relief pursuant to this subdivision. [¶] (4) The intent of this subdivision is to do both of the following: [¶] (A) Make every reasonable attempt to achieve a substantive and meritorious review by the appellate court within the time specified in Sections 366.21 and 366.22 for holding a hearing pursuant to this section. [¶] (B) Encourage the appellate court to determine all writ petitions filed pursuant to this subdivision on their merits. [¶] (5) This subdivision shall only apply to cases in which an order to set a hearing pursuant to this section is issued on or after January 1, 1995."

evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part. [Citations.]" (*People* v. *Woodhead* (1987) 43 Cal.3d 1002, 1007-1008 [239 Cal.Rptr. 656, 741 P.2d 154].)

█ Senate Bill No. 1531 was the instrumentality by which former subdivision (k) of section 366.26 was amended. As introduced in and passed by the Senate, it required that the appellate courts "shall consider and decide" procedurally regular rule 39.1B petitions "on the merits."[5] An Assembly amendment on August 9, 1994, added to this language the requirements that the appellate courts "shall issue an order to show cause . . . and issue a written opinion" in every rule 39.1B writ proceeding.[6] Nine days later, the Assembly again amended Senate Bill No. 1531, deleting the provisions requiring the court to "consider and decide the matter on the merits," and to issue an order to show cause and a written opinion, and replacing them with language substantially identical to that in the final version of the bill. (Assem. Amend. to Sen. Bill No. 1531 (1993-1994 Reg. Sess.) Aug. 18, 1994, §§ 1, 2.) █ "The successive drafts of [Senate Bill No. 1531] before the Legislature are helpful in interpreting [the] statute . . . ." (*State Farm Mut. Auto. Ins. Co.* v. *Haight* (1988) 205 Cal.App.3d 223, 236 [252 Cal.Rptr. 162].)

In light of this legislative history, we would exceed our authority if we were to construe section 366.26 to require issuance of an alternative writ or order to show cause and written opinion in every rule 39.1B writ proceeding, given that the Legislature specifically rejected that formulation. "For three justices to construe a law in a fashion inconsistent with statutory language deliberately chosen by a majority of the Legislature and approved by the

---

[5]As initially passed by the Senate, Senate Bill No. 1531, 1993-1994 Regular Session, proposed to delete the language of former subdivision (k) and replace it with the following: "An order of the court directing that a hearing pursuant to this section be held is not at any time an appealable order, but may be the subject of review exclusively by extraordinary writ filed within 60 days of the making of the order. If the petition for extraordinary writ is timely filed and supported by an adequate record, the court of appeal after first providing the other parties with an opportunity to respond shall consider and decide the matter on the merits." (Sen. Bill No. 1531, introduced Feb. 16, 1994, passed by Sen. May 19, 1994, Sen. Final Hist. (1993-1994 Reg. Sess.) p. 499.)

[6]The relevant August 9, 1994, amendments to section 366.26 provided: "(k)(1) An order by the court directing that a hearing pursuant to this section be held is not at any time an appealable order, but may be the subject of review exclusively by extraordinary writ filed within 60 days of the making of the order. If the petition for extraordinary writ is timely filed and supported by an adequate record, . . . *the court of appeal shall issue an order to show cause, provide the other parties with an opportunity to respond, consider and decide the matter on the merits, and issue a written opinion.*" (Assem. Amend. to Sen. Bill No. 1531 (1993-1994 Reg. Sess.) Aug. 9, 1994, § 1, italics added.) Section 2 of the August 9, 1994, amendment proposed to include the above quoted language in subdivision (*l*) of section 366.26.

Governor, in the absence of a constitutional infirmity, is an act squarely in contravention of the fundamental principles of a democratic form of government." (*Wiley* v. *Southern Pacific Transportation Co.* (1990) 220 Cal.App.3d 177, 192, fn. 8 [269 Cal.Rptr. 240].)

 The *Shaundra L.* court failed to recognize that the Legislature considered and rejected language mandating an order to show cause, decision on the merits and written opinion. *Shaundra L.* relied on legislative staff reports which indicate Senate Bill No. 1531 requires the appellate courts to issue orders to show cause and written opinions in all rule 39.1B writ proceedings. (33 Cal.App.4th at p. 315.) However, those staff reports refer to the language of the August 9, 1994, Assembly amendment to the Senate bill which was later deleted by the Assembly on August 18, 1994.[7]

## IV

As we have explained, the Legislature amended section 366.26 in response to the holding in *In re Matthew C., supra,* 6 Cal.4th at page 401, that the findings subsumed in an order setting a section 366.26 hearing may be reviewed on appeal from the final order in the section 366.26 proceeding. The *Matthew C.* court acknowledged there is a "legitimate policy concern" with the delay in the review of such findings. (6 Cal.4th at p. 400.) In a footnote, the Supreme Court suggested the Legislature address ,the problem of delayed appellate review: "As we construe the current statutory scheme, seeking writ review of the order terminating reunification services and setting a section 366.26 hearing is permissible but not a condition for raising these issues on appeal. If the Legislature deems it appropriate, however, it could amend the statute to expressly provide that a party must seek writ review as a condition to later raising the issue on appeal from a final judgment, and to require that parties be explicitly advised of this requirement at the final review hearing." (6 Cal.4th at p. 400, fn. 13.)

The Legislature followed the Supreme Court's suggestion by amending section 366.26 to limit appellate review of findings subsumed in the order made at the "final review hearing" to those "specific issues" challenged by

---

[7]*In re Shaundra L.* refers to a staff report as having been prepared for the Senate after amendments in the Assembly. (33 Cal.App.4th at p. 315.) But the report referred to is apparently an Assembly bill analysis prepared during the time between the August 9, 1994 and August 18, 1994, amendments of Senate Bill No. 1531 in the Assembly. (3d reading analysis of Sen. Bill No. 1531 (1993-1994 Reg. Sess.) as amended Aug. 9, 1994.) In addition, *Shaundra L.* refers to another staff report as having been prepared "for use on the floor by Assembly members after further Senate amendments." (33 Cal.App.4th at p. 315.) But Senate Bill No. 1531 was never amended by the Senate; rather, the Senate concurred in the Assembly's fourth amended version of the bill. (Sen. Bill No. 1531, Sen. Final Hist. (1993-1994 Reg. Sess.) p. 499.)

writ petition, and by directing the Judicial Council to prepare a rule requiring advisement of this requirement at the final review hearing. (§ 366.26, subd. (*l*)(1)(B) and (*l*)(3)(A).) Consistent with the concern that meritorious issues involving the termination of reunification services be resolved immediately, the Legislature stated its intent was to "encourage" the appellate courts to determine such writ petitions on their merits. (§ 366.26, subd. (*l*)(4).)

Section 366.26 expressly recognizes that some rule 39.1B writ petitions will be summarily denied. Subsequent appellate review of the findings subsumed in the order setting the section 366.26 hearing is dependent on the antecedent filing of a petition for writ review of those findings which petition "was summarily denied or otherwise not decided on the merits." (§ 366.26, subd. (*l*)(1)(C); see rules 39.1B(d)(2) [same], 39.1B(p) ["Telephone notice of the summary denial of a writ is not required. . . ."].)

Moreover, section 366.26, subdivision (*l*)(1)(C) expressly recognizes that not all proceedings thereunder must be decided on the merits. (See also rule 39.1B(d)(2), (m).) Thus, the "encourage[ment]" to the appellate courts to determine petitions "on the merits" is aspirational, not a mandate for the creation of a cause in all rule 39.1B proceedings.

The issuance of an order to show cause or alternative writ or the decision to issue a peremptory writ in the first instance creates a "cause" and triggers the requirement for a written opinion.[8] A procedure that mandates every rule 39.1B writ proceeding to be decided in writing with reasons stated is the functional equivalent of an appeal of right. Since the Legislature knows how to provide for an appeal when it intends to do so, it would be anomalous to declare the order setting a section 366.26 hearing "not appealable at anytime" and yet in the same statute create a new, unprecedented procedure for review that is virtually indistinguishable from an appeal.

By "encourage[ing]" Courts of Appeal "to determine all [rule 39.1B] writ petitions . . . on the merits," the Legislature meant nothing more than that the appellate courts should avoid exercising their discretion summarily to deny such petitions for technical reasons of procedure. In *Steve J.* v. *Superior Court,* it is stated that ". . . the goal of section 366.26, subdivision (*l*) . . . is for the reviewing courts to avoid the use of discretionary grounds to deny relief, assuming specific conditions precedent are met . . . ." (*Steve J.* v. *Superior Court* (1995) 35 Cal.App.4th 798, 807 [41 Cal.Rptr.2d 731].) The

---

[8]In *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893] the court stated: "[t]he decision to grant a peremptory writ, unlike the summary denial of a petition seeking a writ, is determinative of a 'cause' within the meaning of article VI, section 14 [citations]." (At p. 178, fn. 6.)

*Steve J.* court identified the "specific considerations precedent" as the timely filing of a writ petition which substantively addresses the specific issues to be challenged and is supported by an adequate record. (35 Cal.App.4th at p. 807.) Thus at least to the extent these conditions precedent are not satisfied, the "goal" of section 366.26 is not to be confounded with a mandate.

 Accordingly, we do not read subdivision (*l*) of section 366.26 to foreclose summary denial of a writ petition not timely filed, or which does not tender and "substantively address[] . . . [a] specific [material issue or] issues" or which is not "supported by an adequate record." Were it otherwise, the time limit for filing a petition would be meaningless (see rule 39.1B(k) ["The writ petition shall be served and filed within 10 days after the filing of the record in the reviewing court"]); a petition which fails to tender and "substantively" to address a specific material issue or issues would nevertheless require the Court of Appeal to comb the record exhaustively in a search for error, a process identical to that required in criminal appeals in which no substantive issue is raised but only because it is expressly mandated by *People* v. *Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071]; and presentation of a record inadequate to support the "specific issues . . . challenged," would simply shift to the Court of Appeal counsel's duty to present an adequate record (see rule 39.1B(*l*) [request for augmentation of the record by counsel]).

Rule 39.1B recognizes the Legislature did not mandate decision on the merits in every proceeding thereunder: "Absent exceptional circumstances the appellate court shall review the petition . . . and decide it on the merits." (Rule 39.1B(m).) Because of the intolerable burden that would otherwise be foisted on the Courts of Appeal, we deem the failure to tender and substantively to address a specific material issue or issues or to furnish an adequate record to be "exceptional circumstances" within the meaning of rule 39.1B(m) which excuse the court from reviewing and determining a petition on the merits. And for obvious reasons, the untimely filing of a petition is also an "exceptional circumstance[]" within the meaning of rule 39.1B(m).

The purpose of the statute is to provide for immediate writ review of meritorious issues subsumed within the order setting a section 366.26 hearing to ensure that the hearing is not infected with reversible error even before it commences.[9] Because subsequent appellate review is limited to issues competently raised in a timely writ petition, the summary denial of incompetent or belated petitions creates no risk that the final order in the section 366.26 proceeding will be reversed due to antecedent error.

---

[9]Given that purpose, adequacy of the appellate remedy is not a ground for summary denial of a rule 39.1B writ petition.

## V

■ Although summary denial in the above described instances is not on the merits, it is not the case that summary denial of a writ petition can never be on the merits. ■ The "vast majority" of petitions for extraordinary writ filed in the Courts of Appeal are summarily denied. (Cal. Civil Writs Practice (Cont.Ed.Bar 1987) § 1.13, p. 38.) It is fair to say that many, probably most, of those denials are on the merits after a full examination of the petition, supporting documents and supporting points and authorities (rule 56(a), (b), (c)) and any opposition that may be filed (rule 56(b)). "The Supreme Court has recognized and implicitly approved as an established practice that writs may be considered on their merits and yet summarily denied without an opinion, oral argument or the issuance of an alternative writ or order to show cause. (Cf. *Kowis* v. *Howard* [1992] 3 Cal.4th [888] at p. 894 [12 Cal.Rptr.2d 728, 838 P.2d 250]; *People* v. *Medina* (1972) 6 Cal.3d 484 [488-492] [99 Cal.Rptr. 630, 492 P.2d 686].)" (*Steve J.* v. *Superior Court, supra,* 35 Cal.App.4th at p. 808.) ■ Summary denial in such cases is entirely consistent with legislative "[e]ncourage[ment] to determine all [rule 39.1B] writ petitions . . . on their merits." (§ 366.26, subd. (*l*)(4)(B); and see rule 39.1B(m)).

Subsequent appellate review of findings subsumed in an order setting a section 366.26 hearing is dependent upon an antecedent petition for writ review of those findings having been "summarily denied or *otherwise* not decided on the merits." (§ 366.26, subd. (*l*)(1)(C), italics added.) The quoted language is ambiguous in that the word "otherwise" implies that a summary denial is not on the merits. But as we have seen, summary denial on the merits has long been judicially recognized and countenanced. The Legislature is presumed to act with full knowledge of existing law. (*In re Misener* (1985) 38 Cal.3d 543, 552 [213 Cal.Rptr. 569, 698 P.2d 637].) Had the Legislature intended to change existing law, it would surely have chosen more direct language.

However else it might be characterized (see *Steve J.* v. *Superior Court, supra,* 35 Cal.App.4th at p. 807), the "petition for extraordinary writ review" referred to in section 366.26 partakes of this court's "original jurisdiction in proceedings for extraordinary relief in the nature of mandamus, certiorari and prohibition." (Cal. Const., art. VI, § 10.) Were the word "otherwise," as used in section 366.26, subdivision (*l*)(1)(C), construed to preclude summary denial on the merits and to require that every procedurally regular writ petition culminate in a cause, thus affording petitioner a plenary hearing of right, the statute would risk conflict with article VI, section 10. (*Tex-Cal Land Management, Inc.* v. *Agricultural Labor Relations Bd.* (1979) 24 Cal.3d

335, 351 [156 Cal.Rptr. 1, 595 P.2d 579].) "The Legislature may not give to courts a jurisdiction beyond that conferred or authorized by the Constitution." (*Id.* at p. 347.)

Finally, as we have seen, the Legislature rejected versions of Senate Bill No. 1531 that would have mandated creation of a cause and review of right in all rule 39.1B writ proceedings.

Accordingly, we conclude that summary denial on the merits of certain substantively deficient rule 39.1B writ petitions is consistent with the letter and spirit of section 366.26 and rule 39.1B. Specifically, writ petitions which, though timely filed and procedurally regular, fail to tender an arguable issue are subject to summary denial on the merits. Such a procedure serves both judicial economy and the objectives of section 366.26.

These writ proceedings tend to be fact intensive and fact specific. For that reason, full written dispositions must be individually crafted, requiring the consumption of substantial time. Given the limited and finite resources of the court, the disposition of other cases deemed to be of lesser priority must necessarily be deferred to accommodate this additional work. Yet significant numbers of rule 39.1B writ petitions, though procedurally flawless, fail to raise any arguable issues. It would appear that in more than a few such cases, writ petitions are filed reflexively in much the same way as are many notices of appeal in criminal cases, that is, without regard to whether there has been any arguable error in the proceedings. When, after a full examination of the proceedings, the court is completely satisfied that petitioner has not tendered an arguable issue, it is utterly wasteful and indefensible to commit additional resources to an elaboration of the obvious particularly when to do so penalizes litigants whose causes are at least arguable if not meritorious.

■ The purpose of section 366.26, subdivision (*l*) is to ensure that error in the proceedings underlying the order setting a section 366.26 hearing does not fatally infect that hearing. This purpose is not frustrated by summary denial of substantively baseless petitions. Although summary denial of a writ petition does not establish law of the case (*Kowis* v. *Howard* (1992) 3 Cal.4th 888, 891, 894-897 [12 Cal.Rptr.2d 728, 838 P.2d 250]), we do not see that as problematical. Because the denial is summary, the petitioner retains his or her appellate remedy (§ 366.26, subd. (*l*)(1)(C)) but is limited to the same issue on the same record (§ 366.26, subd. (*l*)(1)(B)) and thus is destined on appeal to receive the same result.

## VI

Oral argument is unnecessary and need not be set when the appropriate disposition of a writ petition is summary denial. (*People* v. *Medina, supra,* 6

Cal.3d at p. 490; *Funeral Dir. Assn.* v. *Bd. of Funeral Dirs.* (1943) 22 Cal.2d 104, 106 [136 P.2d 785].) In all other rule 39.1B proceedings, "[o]ral argument shall be held within 30 days after the filing of the required documents, unless waived, or unless extended for good cause by the reviewing court." (Rule 39.1B(o).)

The term "required documents" is not defined. Elsewhere rule 39.1B refers to the "record," which "shall include all reports and minute orders contained in the juvenile court file and a reporter's transcript of the hearing" (rule 39.1B(g)), and to a "notice of intent to file a writ petition and request for record," a "petition for extraordinary writ," a "respondent's brief," and a "request for augmentation." (rule 39.1B(f), (h), (k), (*l*).) However, the rule does not indicate which, if any, of these documents constitute the "required documents" whose filing triggers the onset of the 30-day period in which oral argument must be held. None of the specified documents are likely candidates to perform the triggering function contemplated by rule 39.1B(o) except the "respondent's brief," a term that is, in context, an anomaly. (See *Steve J.* v. *Superior Court, supra,* 35 Cal.App.4th at pp. 809-810.) We agree with the court in *Steve J., supra,* that "required documents" refers to any response or opposition to the petition, whether filed by the respondent court or the real party in interest. (*Steve J., supra,* 35 Cal.App.4th at pp. 809-810.) Rule 39.1B(k) provides that "The writ petition shall be served and filed within 10 days after the filing of the record in the reviewing court. Any respondent's brief shall be served and filed within 10 days after the filing of the writ petition or within 10 days of receiving a request for a response from the reviewing court, unless a shorter time is designated by the court."

What effect is to be given a written decision rendered under the rule 39.1B procedures? Although no alternative writ or order to show cause has been issued, does such a decision nevertheless establish law of the case? Since it is not at issue here, we shall not tarry long over this question. The Legislature intended that *meritorious* issues be resolved in these proceedings in such a way that the parties would be bound thereafter. A decision that establishes the law of the case will accomplish those objectives. But the procedure contemplated by the Legislature and implemented by rule 39.1B does not satisfy all of the Supreme Court's often expressed criteria essential to establish law of the case. Thus in *Kowis* v. *Howard, supra,* the court said: "It is clear that the law of the case doctrine can apply to pretrial writ proceedings. When the appellate court issues an alternative writ, the matter is fully briefed, there is an opportunity for oral argument, and the cause is decided by a written opinion. [*sic*] The resultant holding establishes law of the case upon a later appeal from the final judgment. [Citations.]" (3 Cal.4th at p. 894.) Addressing the question whether summary denial of a writ petition

established law of the case the *Kowis* court said "no," adding: "When the court denies a writ petition without issuing an alternative writ, it does not take jurisdiction over the case; it does not give the legal issue full plenary review. A summary denial does not decide a 'cause' [citations], and should therefore not be given law of the case effect. Sound policy reasons also support this conclusion." (*Kowis* v. *Howard, supra,* 3 Cal.4th at p. 897.)

Notwithstanding that the Legislature did not require an alternative writ or order to show cause to issue, and further, that if none issues, the court "does not take jurisdiction over the case." (*Kowis* v. *Howard, supra,* 3 Cal.4th at p. 897), we see no *logical* reason why the review provided for in rule 39.1B, i.e. full briefing, opportunity for oral argument, and a written decision with reasons stated, does not afford plenary review such that the decision becomes law of the case. The Court of Appeal for the Fifth District has held that a notice setting oral argument (rule 39.1B(o)) is "as effective as, if not equivalent to, an alternative writ or order to show cause in terms of setting up a writ petition for a decision on its merits." (*Steve J.* v. *Superior Court, supra,* 35 Cal.App.4th at p. 808.)[10] To this, the Court of Appeal for the First District, Division Five, demurred. Although the latter court also notices oral argument, the notice is accompanied with the written admonition that the court will "determine the matter on its merits and that [the court's] written decision [will] create a cause." (*James B.* v. *Superior Court, supra,* 35 Cal.App.4th at p. 1019.) The *James B.* court explained, plaintively, that it resorted to that procedure because (speaking no doubt for "every justice") "it is the best we can do." (*James B., supra,* at p. 1019.)

## VII

■ We turn now to the petition. The petition contains a single operative allegation: the court erred in setting a hearing under section 366.26 because the "Reunification Plans failed to provide reasonable services designed to facilitate the reunification between [petitioner] and [her] minor [child]." Accompanying the petition are "Points and Authorities" less than a page in

---

[10] In *Santa Clara Local Transportation Authority* v. *Guardino* (1995) 11 Cal.4th 220 [45 Cal.Rptr.2d 207, 902 P.2d 225], the Supreme Court noted that the Court of Appeal had set the matter for oral argument and filed a written opinion without issuing either an alternative writ or order to show cause. The Supreme Court referred to its opinion in *Bay Development, Ltd.* v. *Superior Court* (1990) 50 Cal.3d 1012, 1025, footnote 8 [269 Cal.Rptr. 720, 791 P.2d 290] in which it disapproved of that procedure and directed that " 'in the future all Courts of Appeal should follow the contemplated statutory procedure [see Code Civ. Proc., §§ 1085, 1087, 1088] by issuing an alternative writ or order to show cause before setting a writ matter for oral argument.' " The Supreme Court then pointedly "reiterate[d] that directive . . . ." (11 Cal.4th at p. 228, fn. 2.)

length.[11] Therein petitioner acknowledges she failed to comply with the reunification plan despite the fact the plan was modified to address her mental health and drug and alcohol abuse problems. Notwithstanding this acknowledgment, it is alleged in the points and authorities, tentatively and summarily, that it is "apparent" that the reunification plan "for some reason . . . seemed to create more stress on the [petitioner] and increased the distance between [her] and [her] son," and "in fact exasperated the situation." There are no citations to the record wherein the "apparent" inadequacy of the reunification plan is documented. Moreover, neither the petition nor the points and authorities elaborates on this cryptic and unfocused allegation by specifying in what respects the reunification plan was inadequate, unreasonable or otherwise defective.[12]

The petition was timely filed. (Rule 39.1B(k).) The record is adequate to determine the suitability of the reunification plans to aid petitioner in overcoming the problems which led to the removal of the minor from her custody. The question is thus narrowed to whether the petition "substantively" addresses a material issue. Section 366.22, subdivision (a) provides that in setting a hearing under section 366.26 at the 18-month review, "the court shall determine whether reasonable services have been offered or provided to the parent . . . ." (See also § 366.21, subd. (f).)

In its legal usage "substantive" is defined as: "Relating to or consisting of the rules of right administered by a court, as opposed to the forms of procedure." (10 Oxford English Dict. (1978) p. 57.) The material rule of right at issue here is the obligation to offer or provide reasonable reunification services to the parent designed to assist her in regaining custody of her child. The petition, though meager, adequately addresses that issue by alleging that the reunification services provided were not reasonably designed to accomplish their intended purpose.

---

[11]The petition and "supporting" points and authorities from which the petitioner's surname and address have been redacted are annexed to this opinion as appendix "A."

[12]Petitioner filed a pro se notice of intent to file a petition. (Rule 39.1B(f).) In the ensuing petition, counsel pointedly observes that petitioner's notice of intent "does not indicate the basis for [petitioner's] writ or what grounds she is alleging or to [sic] why the court erroneously set the 366.26 hearing." The purpose of the notice of intent is to cause the record to be prepared. (See rules 39.1B(f)(g), 1436.5(e), (f).) But it is "[t]rial counsel for the petitioning party [who] . . . is responsible for filing the petition for extraordinary writ." (Rules 39.1B(h), 1436.5(g); see also § 366.26, subd. (l)(3)(D).) We do not interpret the rules to require trial counsel reflexively to file a petition when there is no arguable issue for review. To do otherwise would condemn trial attorneys to waste their time filing frivolous writ petitions, which in turn would result in the waste of time of opposing counsel and the expenditure of scarce resources by the appellate courts. In the bargain, the entire cost of this wasteful effort in the vast majority of cases would necessarily be borne by the taxpayers.

Trial counsel is uniquely situated to evaluate whether petitioner has arguable grounds for writ relief and to proceed accordingly in a professionally responsible manner. (See Bus. & Prof. Code, § 6068, subd. (c).)

The more serious problem is the failure of the petitioner to support her substantive allegation with citations to the record or legal argument, a failing which would likely be fatal were the proceeding governed by the rules generally applicable to writ proceedings. (Cf. rule 56(b); see *Rayna R.* v. *Superior Court, supra*, 20 Cal.App.4th at p. 1407.) But this proceeding is governed by rule 39.1B which specifies that rule 56 is not applicable to such proceedings. (Rule 39.1B(r).) Rule 39.1B simply counsels that "Petitioner *should* attach applicable points and authorities" to the petition. (Rule 39.1B(j), italics added.) "Should . . . expresses mere appropriateness, suitability or fittingness." (Garner, Dict. of Modern Legal Usage (Oxford U. Press 1987), p. 396.) While we certainly agree that supporting points and authorities are appropriate and fitting, we are emphatically of the view it would be more appropriate and fitting if they were obligatory. The failure to mandate supporting points and authorities simply invites counsel to take the easy way out and literally dump the whole problem on the appellate court. This case is a paradigm of the truism that we get what we invite, and raises the question why under the regime of rule 39.1B which requires so little of counsel, a petitioner even needs an attorney, much more one paid with public funds.

We have fully examined the record and the submissions of the parties. We have discovered no evidence supportive of petitioner's substantive allegation that the trial court failed to offer or provide reasonable reunification services.

The petition is timely. The petition is accompanied by an adequate record. The petition substantively addresses a material issue. On this record, the issue addressed is not an arguable issue. The petition is summarily denied.

Scotland, J., and Raye, J., concurred.

APPENDIX A

10A-75

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA** ⌐ *(FILE STAMP)*

___THIRD___ **APPELLATE DISTRICT, DIVISION** _____

In re the Matter of.

_____KENNETH MICHAEL G._____
*(Name and Date of Birth of Subject Child or Children)*

_____JOYCE G._____
*Petitioner(s)*

v.

The Superior Court of the County of NEVADA

_____
*Respondent*

_DEPARTMENT OF SOCIAL SERVICES_
*Real Party in Interest*

_____ /

No: _____
*(Court will provide)*

Superior Ct. No. ___5695___

No. _____

☐ Related Appeal Pending
Appellate Court No._____

**PETITION FOR EXTRAORDINARY WRIT**
*(Juvenile Dependency)*

☐ STAY REQUESTED *(see item 10)*.

### INSTRUCTIONS — READ CAREFULLY

- Read the entire form *before* completing any items.
- This petition must be clearly handprinted in ink or typed.
- Complete all applicable items in the proper spaces. If you need additional space, add an extra page and mark additional page box.
- If you are filing this petition in the Court of Appeal, file the original and four copies.
- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.
- Notify the clerk of the court in writing if you change your address after filing your petition.

Approved for optional use by the Judicial Council of California. Individual Courts of Appeal may require documents other than or in addition to this form. Contact the clerk of the reviewing court for local requirements

(Continued on reverse)

APPENDIX A

10A-76

| CASE NAME | CASE NUMBER |
|---|---|
| In Re the Matter of KENNETH MICHAEL G. | 5695 |

1. This Petition for Extraordinary Writ is filed on behalf of petitioner
a. Name. JOYCE G
b. Address:

c. Phone No:

2. Petitioner is the
a. ☐ Child
b. ☒ Mother
c. ☐ Father
d. ☐ Guardian
e. ☐ De facto parent
f. ☐ County welfare department
g. ☐ District attorney
h. ☐ Other *(state relationship to child or interest in the case)*:

3. This petition seeks extraordinary relief from the order of The Honorable *(name)*:
a. ☐ authorizing a hearing under Civil Code section 232 to terminate parental rights
OR
b. ☒ setting a hearing under Welfare and Institutions Code section 366.26 to consider termination of parental rights, guardianship, or long-term foster care.
OR
c. ☐ other *(specify)*:

4. The challenged order was made on *(must specify date of hearing)*: June 26, 1995
under Welfare and Institutions Code section *(specify)*: 366.26(b)

5. The order was erroneous on the following grounds *(specify)*: The Reunification Plans failed to provide reasonable services designed to facilitate the reunification betwe mother and minor

6. a. ☒ Supporting documents attached.
b. ☐ Because of exigent circumstances supporting documents are not attached *(explain)*:

7. Summary of factual bases for petition *(Petitioner need not repeat facts as they appear in the record. References to specific portions of the record, their significance to the grounds alleged, and disputed aspects of the record will assist the reviewing court)*:

☐ Additional pages attached

(Continued)

10A-77

| CASE NAME. | CASE NUMBER |
|---|---|
| In Re the Matter of KENNETH MICHAEL G. | 5695 |

8. Points and Authorities in Support of Petition are attached *(Number of pages attached _____)*

9. Petitioner requests that this court direct the trial court to
 a. ☒ Vacate the order for hearing under 366 26
 b. ☐ Remand for hearing
 c. ☐ Order that reunification services be
 ☐ Provided ☐ Continued
 d. ☐ Order visitation between the child and petitioner
 e. ☒ Return or grant custody of the child to petitioner
 f. ☐ Terminate dependency
 g. ☐ Other *(specify)*:

10. ☐ Petitioner requests a temporary stay pending the granting or denial of the petition for extraordinary writ.
 a. Hearing date *(must specify)*:
 b. Reasons for stay *(specify)*:

☐ Additional pages attached

11. Total number of pages attached: _3_

12. I am the ☐ petitioner ☒ attorney for petitioner.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: August 1, 1995

DANIEL M. GEFFNER
(TYPE OR PRINT NAME)

(SIGNATURE OF PETITIONER OR ATTORNEY)

Address: Office of the Public Defender
County of Nevada
Courthouse, 201 Church Street
Nevada City, CA 95959

(Continued on reverse)

**PETITION FOR EXTRAORDINARY WRIT**
Juvenile Dependency

APPENDIX A, P. 3

10A-78

| CASE NAME | CASE NUMBER |
|---|---|
| In Re the Matter of KENNETH MICHAEL G. | 5695 |

## PROOF OF SERVICE

I served a copy of the foregoing Petition for Extraordinary Writ to the following persons by personally delivering a copy to the person served, OR by delivering a copy to a competent adult at the usual place of residence or business of the person served and thereafter mailing a copy by first-class mail to the person served at the place where the copy was delivered, OR by placing a copy in a sealed envelope and depositing the envelope directly in the United States mail with postage paid or at my place of business for same-day collection and mailing with the United States mail, following our ordinary business practices with which I am readily familiar:

1. Respondent Court
 a. Name and address:
 
 [ ] Personal service
 [ ] Substituted service
 [ ] First-class mail
 
 b. Date of service.

2. Real Party in Interest
 a. Name and address: Nevada Co. County Counsel
 KEITH JOHNSON, Deputy
 950 Maidu Avenue
 Nevada City, CA 95959
 b. Date of service August 1, 1995
 
 [ ] Personal service
 [ ] Substituted service
 [ ] First-class mail
 [ ] County Counsel
 Inter Office Mail

3. Parent
 a. Name and address: JOYCE G
 
 [ ] Personal service
 [ ] Substituted service
 [X] First-class mail
 
 b. Date of service.

4. Parent's attorney
 a. Name and address
 
 [ ] Personal service
 [ ] Substituted service
 [ ] First-class mail
 
 b. Date of service.

5. Child's attorney
 a. Name and address: Nevada Co. District Attorney
 JULIE McMANUS, Deputy
 201 Church Street
 Nevada City, CA 95959
 b. Date of service: August 1, 1995
 
 [X] Personal service
 [ ] Substituted service
 [ ] First-class mail

6. Court-appointed special advocate
 a. Name and address: Nevada County Clerk
 P. O. Box 6126
 Nevada City, CA 95959
 b. Date of service. August 1, 1995
 
 [X] Personal service
 [ ] Substituted service
 [ ] First-class mail

7. At the time of service I was at least 18 years of age and not a party to this cause. I am a resident of or employed in the county where the mailing occured. My residence or business address is (specify):

I declare under penalty of perjury under the laws of the State of California that the foregoing and all attachments are true and correct.

Date. August 1, 1995

DANIEL M. GEFFNER
TYPE OR PRINT NAME:

Jv 825 (New January 1 1993)

**PETITION FOR EXTRAORDINARY WRIT**
Juvenile Dependency

Page four of four

APPENDIX A, P. ―

## SUMMARY OF FACTUAL BASIS FOR PETITION

On December 6, 1993, a Petition was filed in Superior Court of the County of Nevada, sitting as a Juvenile Court, alleging that the Minor came within the jurisdiction of the Juvenile Court under the Welfare and Institutions Code 300(c). The Petition alleged that JOYCE G. . . Petitioner herein, is the mother of KENNETH G, the Minor. The Minor was detained on December 7, 1993, and the Public Defender's office was appointed to represent the mother. On December 13, 1993, a denial to the Petition was entered, and the matter was set Jurisdictional Hearing on January 27, 1994. Prior to the Hearing, an agreement was worked out with Child Protective Services (CPS), where six (6) months of Reunification Services would be provided. The Reunification Services were designed to deal with Petitioner's mental health issues, her alleged drug and alcohol abuse, and help the Petitioner deal with the Minor's mental health issues. At that time, the mother admitted the allegations in the Petition and the matter was set for disposition on February 22, 1994. The matter was continued to February 28, 1994, and at that time the Court followed the recommendation of the CPS Worker. The Reunification Plan was Ordered, and the matter was continued to August 22, 1994.

On August 11, 1994, the CPS worker filed a report which indicated that since the Minor was detained, the mother's drug usage has increased and she is now bordering on the inability to care for herself. In addition, her visits with the Minor were being compromised by the mother's inability to stabilize with the Minor. The Reunification Plan was modified to help the mother deal with her alcohol and drug abuse, including testing and increased counseling, and supervised visitation until the mother stabilized . Court was continued to June 19, 1995. ·

The matter was set on calendar on May 19, 1995 for hearing of Modification of Visitation, which by this time, was supervised. At a Pre-trial it was agreed that the visitation would be supervised, but in a public place or in the mother's home.

1

On June 7, 1995, the CPS Worker filed a report in which she indicates that rather than stabilizing, the mother had fallen off in her efforts to stabilize. A copy of that report is found at page 158 of the Clerk's Transcript on Appeal. On June 19, 1995, the matter was continued to June 26, 1995, to allow the mother to make an appointment with her attorney to discuss the report. On June 26, 1995, a hearing was set pursuant to Section 366.26 of the Welfare and Institutions Code for October 16, 1995, based on that report.

On July 3, 1995, the mother filed a Notice and Petition for Writ in this matter. The mother does not indicate the basis for her Writ or what grounds she is alleging or to why the Court erroneously set the 366.26 hearing.

## POINTS AND AUTHORITIES

All Petitions for Extraordinary Writ after Juvenile Court Orders setting a hearing under Welfare and Institutions Code, Section 366.26, shall be liberally construed in favor of their sufficiency, Rule 1436.5(b).

A. Review of the record in this matter seems to indicate that once the child was removed from the mother's custody, her condition seemed to de-stabilize, with each modification of the Reunification Plan, making contact with the Minor less and less personal, the relationship between the mother and her child seemed to become less and less. The eighteen (18) month review report indicated that she has made partial compliance with visitation, but had been unable to complete a drug/alcohol abuse counseling program and/or prove her ability to abstain from drug/alcohol abuse, for reasons not clearly outlined in this report failure to follow house rules, (Ct p.168, line 24), lack of communication with staff (Ct p.169, line 6-7). In addition, the report reflects partial compliance with other aspects of the Reunification Plan.

It is apparent that rather than facilitating Reunification, the plan outlined and adopted by the Court, for some reason, did not produce the desired results, but rather

2

seemed to create more stress on the mother and increased the distance between mother and son. A review of the various reports clearly shows that each review resulted in increased counseling responsibilities, with decreased visitation (supervised vs. unsupervised) and in fact, lead to a decrease in the relationship between mother and son. Compare the detention recommendation with the eighteen (18) month report, the conclusion is that the Reunification Plan failed to address the issue, and in fact, exasperated the situation.

Petitioner respectfully requests this Court to issue an Order directing the Juvenile Court to vacate the 366.20 Hearing and Order six (6) more moths of *reasonable* Reunification service.

Respectfully submitted,

DANIEL M. GEFFNER
Deputy Public Defender
Attorney for the Petitioner

3