Filed 9/8/14  In re A.V. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re A.V. et al., Persons Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY,  Plaintiff and Respondent,  v.  JESSIE V. et al.,  Defendants and Appellants. | G049601 (consol. w/ G049675 & G049751)  (Super. Ct. Nos. DP022213, DP022276 & DP023541)  O P I N I O N |

Appeal from orders of the Superior Court of Orange County, Dennis J. Keough, Judge.  Affirmed.

Daniel G. Rooney, under appointment by the Court of Appeal, for Defendant and Appellant Jessie Lydia V.

Marsha F. Levine, under appointment by the Court of Appeal, for Defendant and Appellant Alfred H.

Nicholas S. Chrisos, County Counsel, Karen L. Christensen and Aurelio Torre, Deputy County Counsel, for Plaintiff and Respondent.

No appearance on behalf of the Minors.

Jessie V., the paternal great-grandmother (great-grandmother) of three minor sisters, appeals from the juvenile court's order summarily denying her Welfare and Institutions Code section 388 (all further statutory references are to this code) petitions seeking placement of the minors without an evidentiary hearing. No error has been shown because great-grandmother failed to present any new evidence.

The minors' father Alfred H. (father) also appeals from the order denying great-grandmother's section 388 petition, as well as from the orders terminating his parental rights to the minors under section 366.26. But he provides no analysis regarding the termination of his parental rights and merely joins great-grandmother's arguments on the appeal from the denial of the section 388 petition. Having failed to "contend the order terminating his parental rights was improper in any respect," "he has no remaining, legally cognizable interest in [the minors'] affairs, including [their] placement." (*In re K.C.* (2011) 52 Cal.4th 231, 237.) Father thus has no standing with respect to the denial of the section 388 petitions. (*Id.* at p. 239.) The orders are affirmed.

## FACTS AND PROCEDURAL BACKGROUND

In 2012, then one-year-old Ar.V. was detained on allegations of physical abuse and failure to protect. A few weeks later, the minors' mother gave birth to Y.V. The court declared both minors dependents, removed them from parental custody, and granted reunification services.

Ar.V. was placed with her paternal great-grandparents and Y.V. later joined her. During that placement, Y.V. was hospitalized upon sustaining third-degree burns to her body after father, who had liberal unmonitored visitation, bathed her in scalding water. According to the January 2013 detention report, medical staff also found Y.V. had a skull fracture, bruising on her thighs and back of her head, and several rib fractures that were still healing. Police arrested father and charged him with felony child abuse. As

2

police escorted father out of the hospital, "the paternal grandmother ran over and was screaming. Police stepped in front of her and she started yelling for . . . father not to say anything." She "backed off' when officers told her she would also be arrested if she did not do so.

The court detained both minors pending new placement and subsequent jurisdictional petitions were filed. After the detention hearing, mother gave birth to An.V., who was placed on immediate hospital hold. A new petition was filed on An.V.'s behalf. The court sustained all three petitions, denied father reunification services as to An.V., and terminated reunification services with the two older minors.

Ar.V. and An.V. were placed in a foster home, with Y.V. joining them after her release from a rehabilitation hospital. The foster parents wished to adopt Y.V. but were overwhelmed with caring for all three. SSA identified a prospective adoptive home for Ar.V and An.V.

Great-grandmother filed section 388 petitions requesting placement of Y.V. and Ar.V. She later also requested that she and her husband be deemed the de facto parents of Ar.V. and Y.V.

Following argument by great-grandmother's counsel on the section 388 petitions, the court asked about the incident involving great-grandmother at the hospital when Y.V. was first treated for her injuries. Counsel for great-grandmother corrected the court that it was actually "the grandmother, . . . not the great[-]grandparents." The court responded, "All right. That's fine." It then denied the section 388 petitions, finding an insufficient showing of changed circumstances or that placement with great-grandmother would be in the minors' best interests. It granted the great-grandparents's request for de facto parent status as to Ar.V. but denied it as to Y.V.

The great-grandparents filed a request for case file documents as to Ar.V. and Y.V. The court granted access to documents including the January 2013 report.

3

At the 18-month hearing for Ar.V. and Y.V., and the subsequent six-month review hearing for An.V., the court terminated mother's reunification services and set the matters for section 366.26 hearings.  On the date of the section 366.26 hearing for Ar.V. and Y.V., the great-grandparents filed section 388 petitions requesting all three minors be placed in their home for eventual adoption.  The court found the great-grandparents had not presented a prima facie case and denied a hearing.  Only great-grandmother appeals.

DISCUSSION

Great-grandmother contends the court abused its discretion in denying her most recent section 388 petitions without an evidentiary hearing.  We disagree.

The court is given broad discretion to deny a hearing if the section 388 petition fails to state a change of circumstances or new evidence or demonstrate the requested modification is in the best interests of the minor.  (Cal. Rules of Court, rule 5.570(d)(1), (2); *In re Zachary G.* (1999) 77 Cal.App.4th 799, 808.)  We review an order denying a section 388 petition for abuse of discretion.  (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318.)

Section 388 allows a person having an interest in a dependent child of the court to petition the court for a hearing to change, modify, or set aside any previous order on the grounds of change of circumstance or new evidence.  The person seeking modification must "make a prima facie showing to trigger the right to proceed by way of a full hearing."  (*In re Marilyn H.* (1993) 5 Cal.4th 295, 310; *In re Anthony W.* (2001) 87 Cal.App.4th 246, 250.)  A prima facie showing requires (1) a genuine change of circumstances or new evidence, and (2) that revoking the previous order would be in the best interests of the children.  (*In re Kimberly F.* (1997) 56 Cal.App.4th 519, 529.)

As to the first prong, great-grandmother focuses on the phrase "new evidence."  As used in section 388, "'*new evidence*'" "'means material evidence that,

4

with due diligence, the party could not have presented at the dependency proceeding at which the order, sought to be modified or set aside, was entered.'" (*In re D.B.* (2013) 217 Cal.App.4th 1080, 1093.)

Great-grandmother argues the January 2013 report describing the incident with the paternal grandmother could have been interpreted as identifying her, the great-grandmother, as even the court believed that. This in turn could have resulted in "an institutional bias against placement with [great-grandparents]" because they were ignored as a placement option. According to great-grandmother, this constituted new evidence because she could not have presented it when the court ruled on her initial section 388 petitions. She was not a party to the dependency proceedings and did not have standing or access to the report until the court granted her motion to be the de facto parent of Ar.V.

But great-grandmother presents no authority or analysis that her ignorance of the January 2013 report renders it new evidence. Thus, we may disregard it. (*Joyce G. v. Superior Court* (1995) 38 Cal.App.4th 1501, 1518.)

Moreover, both great-grandmother's counsel and the court were already aware of the facts regarding the incident described in the report. When the court indicated it believed the great-grandparents were involved, counsel corrected its misunderstanding, stating, "that was the grandmother . . . not the great[-]grandparents." In response, the court stated, "All right. That's fine."

Under section 388, the "'*new evidence* must be of such significant nature that it requires a setting aside or modification of the challenged order.'" (*In re D.B.*, *supra*, 217 Cal.App.4th at p. 1093.) The evidence presented in great-grandmother's section 388 petitions did not meet this standard as it was part of the record and the court had already considered it. (See *In re Jamika W.* (1997) 54 Cal.App.4th 1446, 1451.) It thus does not require reversal of the prior order and we need not address whether the requested change would be in the minors' best interests. The court did not abuse its discretion in denying the petitions without an evidentiary hearing.

5

DISPOSITION

The orders are affirmed.

RYLAARSDAM, J.

WE CONCUR:

O'LEARY, P. J.

IKOLA, J.