Filed 7/10/15  Julio V. v. Superior Court CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JULIO V.,<br><br>     Petitioner,<br><br>        v.<br><br>THE SUPERIOR COURT OF KINGS COUNTY,<br><br>     Respondent;<br><br>KINGS COUNTY HUMAN SERVICES AGENCY,<br><br>     Real Party in Interest. | F071567<br><br>(Super. Ct. No. 14JD0001)<br><br><br>**OPINION** |

### THE COURT[*]

ORIGINAL PROCEEDING; petition for extraordinary writ review.  Jennifer Lee Giuliani, Judge.

Julio V., in pro. per., for Petitioner.

No appearance for Respondent.

Colleen Carlson, County Counsel, and Juliana F. Gmur, Deputy County Counsel, for Real Party in Interest.

-ooOoo-

---

[*]  Before Gomes, Acting P.J., Kane, J. and Smith, J.

Petitioner Julio V., in propria persona, seeks extraordinary writ relief from the juvenile court's order issued April 16, 2015, setting a Welfare and Institutions Code section 366.26 hearing[1] as to his five-year-old son Gauge V. and three-year-old daughter A.V.[2] (Cal. Rules of Court, rule 8.450.) Julio asks this court to issue a writ directing the juvenile court to vacate the section 366.26 hearing and to remand the case for a hearing so that he can express his intentions to the juvenile court. Ultimately, he seeks reunification services, visitation and the return of the children to his custody. We conclude Julio failed to raise a claim of juvenile court error and dismiss the petition as inadequate for our review.

## PROCEDURAL AND FACTUAL SUMMARY

In January 2014, then three-year-old Gauge and 23-month-old A.V. were taken into protective custody after their mother Jennifer was arrested for possessing methamphetamine. At the time, Julio was incarcerated on drug-related charges. He was expected to be released in September 2016.

In March 2014, the juvenile court ordered reunification services for Jennifer but denied Julio services because he was incarcerated and the court determined that providing him services would be detrimental to the children. (§ 361.5, subd. (e)(1).)

The juvenile court provided Jennifer 12 months of reunification services. However, she made minimal progress. Meanwhile, Julio remained incarcerated.

---

[1]    All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2]    Julio includes a third child, Ashlee G., as a subject of his writ petition. Ashlee is the half-sibling of Gauge and A.V. but is not Julio's child. Thus, Julio does not have standing to include her in his writ petition and our opinion does not pertain to her.

In April 2015, at a contested 12-month review hearing the juvenile court terminated Jennifer's reunification services and set a section 366.26 hearing. Julio filed an extraordinary writ petition.[3]

## DISCUSSION

The purpose of writ proceedings is to "provide for immediate writ review of meritorious issues subsumed within the order setting a section 366.26 hearing to ensure that the hearing is not infected with reversible error even before it commences." (*Joyce G. v. Superior Court* (1995) 38 Cal.App.4th 1501, 1512.) Our review is limited to "issues competently raised in a timely writ petition." (*Ibid.*) Thus, it is incumbent upon petitioner to raise specific issues and substantively address them. (§ 366.26, subd. (*l*).) While we will liberally construe a petition in favor of finding it adequate for review, we will not independently review the record for possible error. (Cal. Rules of Court, rule 8.452(a)(1); *In re Sade C.* (1996) 13 Cal.4th 952, 994.)

Julio does not argue that the juvenile court erred in setting the section 366.26 hearing. He merely states that he would like the opportunity to gain custody of his children. Since Julio has not raised any claims of juvenile court error, we dismiss his writ petition as inadequate for our review.[4]

## DISPOSITION

The petition for extraordinary writ is dismissed. This opinion is final forthwith as to this court.

---

[3] Jennifer also filed a writ petition (F071454) which is pending before this court.

[4] Though we dismiss Julio's writ petition, he may nevertheless have a remedy in the juvenile court. Section 388 allows a parent to petition the juvenile court to modify its order denying reunification services should circumstances change such that it would be in the children's best interest to do so.