Filed 9/16/15  Ramon H. v. Super. Ct. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| RAMON H., <br><br>  Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF VENTURA COUNTY, <br><br>  Respondent; <br><br> HUMAN SERVICES AGENCY, <br><br>  Real Party in Interest. | 2d Civil No. B264696 <br>(Super. Ct. No. J070452) <br>(Ventura County) |

Ramon H., the presumed father of Norma H., seeks an extraordinary writ to vacate the June 3, 2015 order of the juvenile court setting a permanent plan hearing pursuant to Welfare and Institutions Code section 366.26.[1]   We summarily deny the petition because it fails to comply with the requirements of California Rules of Court, rule 8.452.

*Factual and Procedural Background*

On April 30, 2015, four-year-old Norma was detained after father was arrested for driving under the influence of alcohol with Norma in the car.   Father was driving with no headlights.  After he got out of the car, the arresting officer saw that he was drenched with beer.  There were open containers of beer in the car.   Norma's  mother, Sylvia H. was

---

[1] All further statutory references are to the Welfare and Institutions Code.

in the car and under the influence of a controlled substance. She tested positive for methamphetamine.

On May 4, 2012, Ventura County Human Services Agency (HSA) filed a petition for failure to protect (§ 300, subd. (b)) and abuse of a sibling (§ 300, subd. (j)). The petition alleged that parental rights were terminated to Norma's half sibling who tested positive for amphetamine and opiates at birth. Mother was offered reunification services in 2009 but failed to participate in substance abuse treatment. HSA reported that father and mother had a history of polysubstance abuse and domestic violence. Father was currently using methamphetamine and heroin, had a 30 year drug history, and failed to complete drug programs in the past. Father told the social worker that he was using drugs in order to "help" Norma's mother.

At the May 5, 2015 detention hearing, the trial court appointed counsel for father, provided father a Spanish interpreter, detained Norma, and set the matter for a jurisdiction and disposition hearing.

Father and mother failed to appear at the June 3, 2015 jurisdiction/disposition hearing. Based on the HSA reports, the trial court sustained the petition, bypassed reunification services (§ 361.5, subd. (b)(13)), and set the matter for a September 21, 2015 permanent placement hearing pursuant to section 366.26.

On July 2, 2105, father filed a petition for extraordinary writ requesting that reunification services be provided. The petition states that father was instructed to appear on June 3, 2015, but [t]he hearing did not take place as scheduled. . . . " It states that father "showed up " on June 3, 2015, but was informed "by the officer of the day that my case/name did not appear on the calendar as scheduled."

The clerk's and reporter's transcript reflect that father was represented by counsel and received notice of the hearing. Father was not present when the case was called on June 3, 2015 and counsel advised the court that father had not contacted him.

2

*Discussion*

HSA requests that the petition be dismissed because it fails to comply with California Rules of Court, rule 8.452. [2] Rule 8.452(b)(1) requires that the petition be accompanied by a memorandum that provides a summary of the significant facts with supporting references to the record. "The memorandum must state each point under a separate heading or subheading summarizing the point and support each point by argument and citation of authority." (Rule 8.452(b)(2).) The memorandum "must, at a minimum, adequately inform the court of the issues presented, point out the factual support for them in the record, and offer argument and authorities that will assist the court in resolving the contested issues." (*Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570, 583 [court received "utterly deficient" petition].)

Father's petition does not have a memorandum or a summary of the significant facts with supporting references to the record. (Rule 8.452(b)(1)-(b)(2).) Nor does it offer argument and authorities that will assist the court in resolving the contested issues. (*Glen C. v. Superior Court*, *supra*, 78 Cal.App.4th at p. 583.) "Absent exceptional circumstances, the reviewing court must decide the petition on the merits by written opinion." (Rule 8.452(h)(1).)

Father's complete failure to comply with rule 8.452 constitutes exceptional circumstances justifying the summary denial of his petition. "Because of the intolerable burden that would otherwise be foisted on the Courts of Appeal, we deem the failure to tender and substantively to address a specific material issue or issues or to furnish an adequate record to be 'exceptional circumstances' . . . which excuse the court from reviewing and determining a petition on the merits." (*Joyce G. v. Superior Court* (1995) 38 Cal.App.4th 1501, 1512; see *Anthony D. v. Superior Court* (1998) 63 Cal.App.4th 149, 157 [where petition fails to meet the "threshold requirements," it should be summarily denied].)

---

[2] We treat HSA's motion to dismiss as an answer to father's petition. All further references to rules are to the California Rules of Court.

3

We summarily deny the petition for extraordinary writ.[3]

NOT TO BE PUBLISHED.


                                        YEGAN, J.


We concur:



GILBERT, P.J.



PERREN, J.

---

[3] Father appeared at oral argument and orally requested a continuance asserting that he was not ready to proceed. There is no good cause therefor and the petition is time-sensitive. We deny the implied request to vacate submission and put the matter on a future calendar.

Tari L. Cody, Judge

Superior Court County of Ventura

_____

Ramon H. in pro per, Petitioner

No appearance for Respondent.

Cynthia Krause, Assistant County Counsel, County of Ventura, for Real Party in Interest.