[No. C028572. Third Dist. Mar. 10, 1998.]

MARIBEL M., Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent;
SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN
SERVICES et al., Real Parties in Interest.

COUNSEL

Ben L. Davey for Petitioner.

Robert A. Ryan, County Counsel, Robert L. Pleines and Melvyn W. Price, Assistant County Counsel, Richard G. Llata and John Reed, Deputy County Counsel, for Respondent.

Ildefonso L. Ruiz and Terri Huberty for Real Parties in Interest.

OPINION

**PUGLIA, P. J.**—Effective January 1, 1998, the Judicial Council promulgated amendments to California Rules of Court, rule 39.1B (rule 39.1B) which, absent undefined "exceptional circumstances," purport to compel appellate courts to decide such petitions "on the merits by written opinion" after "issu[ance] of an Order to Show Cause or an Alternative Writ." We conclude these amendments are unconstitutional as inconsistent with statute. (See Cal. Const., art. VI, § 6.)

Petitioner seeks review of an order of respondent superior court directing that a selection and implementation hearing be held pursuant to Welfare and Institutions Code section 366.26 to consider a permanent plan for petitioner's minor child. (All further statutory references to sections of an undesignated code are to the Welfare and Institutions Code.)

In 1989, the Legislature amended section 366.26 to provide that an order setting a selection and implementation hearing "is not an appealable order, but may be the subject of review by extraordinary writ." (§ 366.26, former subd. (k), as amended by Stats. 1989, ch. 913, § 17, p. 3169.) The Supreme Court construed the amendment to mean the order setting such a hearing, although not immediately appealable, may be reviewed immediately by extraordinary writ and by appeal from the final order made at the section 366.26 hearing. (*In re Matthew C.* (1993) 6 Cal.4th 386, 401 [24 Cal.Rptr.2d 765, 862 P.2d 765].) In reaction to *In re Matthew C.*, *supra*, the Legislature replaced former subdivision (k) of section 366.26 with current subdivision (*l*). (Stats. 1994, ch. 1007, § 2.)

As we recently summarized: "Subdivision (*l*)(1) of section 366.26 provides that an order setting a section 366.26 hearing is not 'appealable at anytime unless' specified steps are timely taken to secure review by extraordinary writ. In order to obtain review on appeal from the final order in the section 366.26 hearing of issues subsumed within an order setting a section 366.26 hearing, a party must first timely file a writ petition seeking review

of the order setting the section 366.26 hearing; the petition must substantively address the specific issues to be challenged; the petition must be supported by an adequate record; and finally, the petition must have been 'summarily denied or otherwise not decided on the merits.' (§ 366.26, subd. (*l*)(1)(C).)

"Subdivision (*l*)(2) of section 366.26 states that failure of a writ petitioner to comply with the specified steps set out in subdivision (*l*)(1) 'shall preclude subsequent review by appeal of the findings and orders made pursuant to this section.'

"Subdivision (*l*)(3) of section 366.26 requires the Judicial Council to adopt rules ensuring that trial courts advise the parties regarding writ review, that trial records are promptly transmitted to the appellate court, that 'adequate time requirements' for counsel and the court 'exist' to implement the procedure, and that parents or guardians or trial counsel or other counsel be charged with responsibility for filing writ petitions.

"Finally, subdivision (*l*)(4) of section 366.26 states it is the Legislature's intent to 'achieve a substantive and meritorious [*sic*] review by the appellate court' within the 120-day time limit specified in sections 366.21 and 366.22, and to '[e]ncourage the appellate court to determine all [such] writ petitions . . . on their merits.' " (*Joyce G.* v. *Superior Court* (1995) 38 Cal.App.4th 1501, 1507-1508 [45 Cal.Rptr.2d 805], fns. omitted.)[1]

---

[1]In its entirety, subdivision (*l*) of section 366.26 reads: "(1) An order by the court that a hearing pursuant to this section be held is not appealable at any time unless all of the following applies: [¶] (A) A petition for extraordinary writ review was filed in a timely manner. [¶] (B) The petition substantively addressed the specific issues to be challenged and supported that challenge by an adequate record. [¶] (C) The petition for extraordinary writ review was summarily denied or otherwise not decided on the merits. [¶] (2) Failure to file a petition for extraordinary writ review within the period specified by rule, to substantively address the specific issues challenged, or to support that challenge by an adequate record shall preclude subsequent review by appeal of the findings and orders made pursuant to this section. [¶] (3) The Judicial Council shall adopt rules of court, effective January 1, 1995, to ensure all of the following: [¶] (A) A trial court, after issuance of an order directing a hearing pursuant to this section be held, shall advise all parties of the requirement of filing a petition for extraordinary writ review as set forth in this subdivision in order to preserve any right to appeal in these issues. This notice shall be made orally to a party if they are present at the time of the making of the order or by first-class mail by the clerk of the court to the last known address of a party not present at the time of the making of the order. [¶] (B) The prompt transmittal of the records from the trial court to the appellate court. [¶] (C) That adequate time requirements for counsel and court personnel exist to implement the objective of this subdivision. [¶] (D) That the parent or guardian, or their trial counsel or other counsel, is charged with the responsibility of filing a petition for extraordinary writ relief pursuant to this subdivision. [¶] (4) The intent of this subdivision is to do both of the following: [¶] (A) Make every reasonable attempt to achieve a substantive and meritorious review by the appellate court within the time specified in Sections 366.21 and 366.22 for holding a hearing

In compliance with subdivision (*l*)(3) of section 366.26, the Judicial Council adopted rule 39.1B governing extraordinary writ petitions challenging an order setting a selection and implementation hearing under section 366.26.

Effective January 1, 1998, · the Judicial Council amended rule 39.1B, among other reasons, to modify subdivisions (*l*) and (o) to provide, in pertinent part: "In all cases in which the court intends to issue a determination on the merits, the court shall issue an Order to Show Cause or an Alternative Writ[,]" and "[a]bsent exceptional circumstances the appellate court shall review the petition for extraordinary writ and decide it on the merits by written opinion."[2] The obvious purpose of these amendments is to

---

pursuant to this section. [¶] (B) Encourage the appellate court to determine all writ petitions filed pursuant to this subdivision on their merits. [¶] (5) This subdivision shall only apply to cases in which an order to set a hearing pursuant to this section is issued on or after January 1, 1995."

[2]The 1998 amendments also relettered and relocated some of the subdivisions of the rule. With the provisions added by the 1998 amendments underscored, rule 39.1B now reads: "(a) **[Purpose]** The purpose of this rule, as mandated by statute, is to facilitate and implement the following policies: [¶] (1) To achieve a substantive and meritorious review by the appellate court within the period specified in Welfare and Institutions Code sections 361.5, 366.21, and 366.22 for the commencement of a hearing under section 366.26; and [¶] (2) To encourage and assist the appellate court to determine on their merits all writ petitions filed to challenge the findings and orders of the juvenile court in setting a hearing under section 366.26. Such petitions shall be handled in conformance with standard writ practice and procedure except as otherwise specified in these rules. [¶] (b) **[Applicability]** This rule applies to all petitions for extraordinary writ challenging the findings and orders entered on or after January 1, 1995, by a juvenile court in setting a hearing under section 366.26. [¶] (c) **[Order]** For purposes of this rule, the date of the order, at which the findings and orders of the juvenile court in setting a hearing under section 366.26 are made, is the date on which the court orally or in writing states its order on the record, whichever occurs first. [¶] (d) **[Limitations of appeal]** The findings and orders of the juvenile court in setting a hearing under section 366.26 may be reviewed on appeal following the order of the 366.26 hearing only if the following have occurred: [¶] (1) An extraordinary writ was sought by the timely filing of Judicial Council form Writ Petition—Juvenile (JV-825) or other petition for extraordinary writ; and [¶] (2) The petition for extraordinary writ was summarily denied or otherwise not decided on·the merits. [¶] Review on appeal of the order setting a hearing under section 366.26 is limited to issues raised in a previous petition for extraordinary writ that were supported by an adequate record. [¶] (e) **[Failure to file a petition for writ; precludes appeal]** Failure by a party to file a petition for extraordinary writ review as specified in this rule shall preclude that party from obtaining subsequent review on appeal of the findings and orders made by a juvenile court in setting a hearing under section 366.26. [¶] (f) **[Notice of intent to file writ petition and request for record; service; jurisdiction]** To permit determination of the writ petition prior to the scheduled date for the hearing under section 366.26 of the Welfare and Institutions Code on the selection of the permanent plan, a notice of intent to file a writ petition and request for record shall be filed with the clerk of the juvenile court within 7 days of the date of the order setting a hearing under section 366.26, or if the order was made by a referee not sitting as a judge pro tem, within 7 days after the order of the referee becomes final under rule 1417(c). The notice of intent to file a writ petition shall be signed by the party intending to

preclude summary denial on the merits by courts of appeal of rule 39.1B writ petitions.

---

file a writ petition, or if to be filed on behalf of the child, by the attorney of record for the child. Upon a finding of good cause, based on a declaration by the attorney of record, the appellate court may waive the requirement of the party's signature. The period for filing a notice of intent to file a writ petition and request for record shall be extended 5 days, if the party received notice of the order setting the hearing under section 366.26 of the Welfare and Institutions Code only by mail. Judicial Council form Notice of Intent to File Writ Petition and Request for Record (JV-820) may be used. The notice of intent to file a writ petition shall include, if known, all dates of the hearing that resulted in the order setting the hearing under section 366.26 of the Welfare and Institutions Code. The clerk shall serve a copy of the notice of intent to file a writ petition on each party, including the child, parent, any legal guardian, and any person who has been declared a de facto parent and given standing to participate in the juvenile court proceedings, and on the probation officer or social worker, each counsel of record, present custodian of a dependent child, and any court-appointed child advocate, as prescribed by rule 1407. The clerk shall also serve, by first class mail or fax, on the clerk of the reviewing court, a copy of the notice of intent to file a writ petition and a proof of service list. Upon receipt of the notice of intent to file a writ petition, the clerk of the reviewing court shall lodge the notice, whereupon the reviewing court acquires jurisdiction of the writ proceedings. [¶] (g) **[Record]** Immediately on the filing of the notice of intent to file a writ petition and request for record, the clerk of the juvenile court shall assemble the record (1) notifying each court reporter by telephone and in writing to prepare a reporter's transcript of each session of the hearing and to deliver the transcript to the clerk no more than 12 days after the notice of intent to file a writ petition and request for record are filed, and (2) preparing the clerk's transcript under rule 35(a). [¶] The record shall include all reports and minute orders contained in the juvenile court file, a reporter's transcript of all sessions of the hearing at which the order setting a hearing under section 366.26 was made, and any additional evidence or documents considered by the court at that hearing. [¶] Immediately on completion of the transcript, the clerk shall certify the record as correct, and deliver it by the most expeditious means to the reviewing court, and transmit copies to the petitioner and parties or counsel of record, by any method as fast as the express mail service of the United States Postal Service. Upon receipt of the transcript and record, the clerk of the reviewing court shall notify all parties that the record has been filed and indicate the date on which the 10-day period for filing the writ petition will expire. [¶] (h) **[Petitioner; trial counsel]** Trial counsel for the petitioning party, or in the absence of trial counsel, the party, is responsible for filing the petition for extraordinary writ. Trial counsel is encouraged to seek assistance from, or consult with, attorneys experienced in writ procedures. [¶] (i) **[Petition form; JV-825]** The petition for extraordinary writ may be filed on Judicial Council form Writ Petition—Juvenile (JV-825) or other petition for extraordinary writ. Petitions for extraordinary writ submitted on Judicial Council form Writ Petition—Juvenile (JV-825) shall be accepted for filing by the appellate court. All petitions shall be liberally construed in favor of their sufficiency. The processing of the petition for writ shall not be delayed or impeded due to technical defects or omissions. [¶] (j) **[Contents of petition for writ; service]** The petition for extraordinary writ shall summarize the factual basis for the petition. Petitioner need not repeat facts as they appear in any attached or submitted record, provided, however, that references to specific portions of the record, their significance to the grounds alleged, and disputed aspects of the record will assist the reviewing court and shall be noted. Petitioner shall attach applicable points and authorities. Petitioner shall give notice to all parties entitled to receive notice under rule 1407. [¶] (k) **[Time for filing writ petition and response]** The writ petition shall be served and filed within 10 days after the filing of the record in the reviewing court. [¶] (*l*) [Notice of action] The court may deny the petition using Judicial Council form *Denial of Petition*

However, subdivision (*l*) of section 366.26, as judicially construed, contemplates summary denial of rule 39.1B writ petitions on the merits. As we concluded in *Joyce G.*: "summary denial on the merits of certain substantively deficient rule 39.1B writ petitions is consistent with the letter and spirit of section 366.26 . . . . Specifically, writ petitions which, though timely filed and procedurally regular, fail to tender an arguable issue are

---

(JV-826) in appropriate cases. In all cases in which the court intends to issue a determination on the merits, the court shall issue an Order to Show Cause or an Alternative Writ. [¶] (m) **[Time for filing response]** Any response shall be served and filed within 10 days after the filing of the writ petition, or within 15 days after filing if the writ petition was served by mail, or within 10 days of receiving a request for a response from the reviewing court, unless a shorter time is designated by the court. [¶] (n) **[Augmentation and correction of the record]** If the court requires additional records or transcripts, the court may grant up to 15 additional days for the preparation and submission of the full record. Augmentation or correction of the record shall be done under rule 12 or rule 35(e). Preparation of a supplemental transcript pursuant to an order under this subdivision shall be given highest priority. The procedures described in subdivision (g) shall be followed when applicable. Any request for augmentation by the petitioner shall be filed within 5 days after counsel has received the initial record. Any further request for augmentation by a responding party shall be filed within 5 days after the filing of the petition. If available, the request for augmentation shall include copies of requested documents to be added to the record. [¶] (o) **[Decision on the merits]** Absent exceptional circumstances the appellate court shall review the petition for extraordinary writ and decide it on the merits by written opinion. [¶] (p) **[Stay]** A request by petitioner for a stay of the hearing set under section 366.26 shall not be granted unless the petition for extraordinary writ raises issues of substantial complexity and adequate review requires extraordinary research and analysis. [¶] (q) **[Hearing on the petition]** Oral argument shall be held no later than 30 days after the response is filed or due to be filed, unless waived, or unless extended for good cause by the reviewing court. If oral argument is waived, the case shall be deemed submitted not later than the thirtieth day after the response is filed or is due to be filed. [¶] (r) **[Notice of decision]** The clerk of the reviewing court shall promptly transmit any notice of decision to the petitioner. If a writ or order issues directed to any judge or court, the clerk of the reviewing court shall promptly transmit a certified copy to the court. If the writ or order stays or prohibits proceedings scheduled to occur within 7 days of its issuance, or if the writ or order requires that action be taken by the respondent within 7 days, or in any other urgent situation, the clerk of the reviewing court shall make a reasonable effort to give telephone notice to the clerk of the court or tribunal below, who shall notify the judge or other officer most directly concerned. Telephone notice of the summary denial of a writ is not required, whether or not a stay was previously issued. [¶] (s) **[Implementation of the rule; protocol]** The administrative presiding justice of each appellate district is encouraged to convene a committee of representatives of the appellate and trial court legal community to design procedures and protocols to facilitate the implementation of this rule and the intent of the legislation to expedite resolution of these issues. [¶] (t) **[Rule 56 not applicable]** The provisions of rule 56 do not apply to these petitions for extraordinary writ. (u) **[Confidential information - Section 300 Proceedings]** In proceedings under this rule, the record and petition and responses may be inspected only by court personnel, the parties to the proceedings, their attorneys, and other persons designated by the court. All records, briefs, or other documents filed by the parties, and opinions or orders filed by the court, shall protect the anonymity of the parties. The court may limit or prohibit public admission to hearings."

subject to summary denial on the merits. Such a procedure serves both judicial economy and the objectives of section 366.26." (*Joyce G.* v. *Superior Court, supra*, 38 Cal.App.4th at p. 1514.)

Indeed, in amending section 366.26 in response to the holding in *In re Matthew C., supra*, 6 Cal.4th at page 401, "the Legislature considered and rejected language mandating an order to show cause, decision on the merits and written opinion." (*Joyce G.* v. *Superior Court, supra*, 38 Cal.App.4th at p. 1510.) The statute's " 'encourage[ment]' to the appellate courts to determine petitions 'on the merits' is aspirational, not a mandate for the creation of a cause in all [rule] 39.1B proceedings. [¶] The issuance of an order to show cause or an alternative writ or the decision to issue a peremptory writ in the first instance creates a 'cause' and triggers the requirement for a written opinion. A procedure that mandates every rule 39.1B writ proceeding to be decided in writing with reasons stated is the functional equivalent of an appeal of right. Since the Legislature knows how to provide for an appeal when it intends to do so, it would be anomalous to declare the order setting a section 366.26 hearing 'not appealable at anytime' and yet in the same statute create a new, unprecedented procedure for review that is virtually indistinguishable from an appeal." (38 Cal.App.4th at p. 1511, fn. omitted.)

The amendments to rule 39.1B, purporting to mandate in all procedurally regular writ matters creation of a cause and disposition on the merits by written opinion conflict with section 366.26, and hence are unconstitutional " 'since the Judicial Council may only make rules which are not inconsistent with statute.' " (*People* v. *Superior Court (Williams)* (1992) 8 Cal.App.4th 688, 701 [10 Cal.Rptr.2d 873], quoting *Wilburn* v. *Oakland Hospital* (1989) 213 Cal.App.3d 1107, 1110 [262 Cal.Rptr. 155], citing *Sadler* v. *Turner* (1986) 186 Cal.App.3d 245, 249 [230 Cal.Rptr. 561]; see also Cal. Const., art. VI, § 6.)[3]

Having found unconstitutional the recent amendments to rule 39.1B requiring any decision on the merits to be rendered by written opinion after issuance of an order to show cause or alternative writ, we consider whether the invalid provisions are severable from the balance of the rule.

---

[3]Moreover, "[t]he Legislature may not give to courts a jurisdiction beyond that conferred by the Constitution." (*Tex-Cal Land Management, Inc.* v. *Agricultural Labor Relations Bd.* (1979) 24 Cal.3d 335, 347 [156 Cal.Rptr. 1, 595 P.2d 579].) Any legislation conferring a plenary hearing of right in original proceedings before appellate courts risks conflict with article VI, section 10, of the California Constitution. (*Joyce G.* v. *Superior Court, supra*, 38 Cal.App.4th at pp. 1513-1514.)

 "The cases prescribe three criteria for severability: the invalid provision must be grammatically, functionally, and volitionally separable." (*Calfarm Ins. Co.* v. *Deukmejian* (1989) 48 Cal.3d 805, 821-822 [258 Cal.Rptr. 161, 771 P.2d 1247], citing *Santa Barbara Sch. Dist.* v. *Superior Court* (1975) 13 Cal.3d 315 [118 Cal.Rptr. 637, 530 P.2d 605]; *People's Advocate. Inc.* v. *Superior Court* (1986) 181 Cal.App.3d 316, 332 [226 Cal.Rptr. 640]; accord, *Gerken* v. *Fair Political Practices Com.* (1993) 6 Cal.4th 707, 714 [25 Cal.Rptr.2d 449, 863 P.2d 694].) Here, the invalid provisions are subject to "mechanical" and "grammatical" severance from the remainder of the rule, each "constitut[ing] a distinct and separate provision . . . which can be removed as a whole without affecting the wording of any other provisions." (*Calfarm Ins. Co.* v. *Deukmejian, supra,* 48 Cal.3d at p. 822.) Further, the invalid provisions are functionally severable as their excision will simply return the rule to the status quo ante, thus maintaining it as an operative rule of court. Moreover, there is no reason to believe that, with the invalid provisions eliminated, the Judicial Council would not choose to have the rule operate as it had before the amendments, rather than have rule 39.1B abrogated in its entirety. We therefore conclude that the invalid provisions are severable from rule 39.1B.

 Dispensing as we may with an order to show cause or an alternative writ, we now address the merits of the petition. However, we will not summarily deny the petition because in our discretion we conclude that the petition raises issues appropriately disposed of by written opinion. (See *Joyce G.* v. *Superior Court, supra,* 38 Cal.App.4th at pp. 1510-1514.)

Maribel M., the mother of the minor, Jose M., seeks an extraordinary writ to vacate the order of respondent juvenile court scheduling a hearing for May 18, 1998, to determine a permanent plan for the minor. (§ 366.26.)

At the conclusion of the January 20, 1998, 12-month review hearing, the juvenile court terminated reunification services for petitioner and found return of the minor to petitioner would create a substantial risk of detriment to the minor. The court also found it was likely the minor would be adopted.

Petitioner contends the juvenile court erred in denying her request for additional reunification services. Petitioner also challenges the court's finding of adoptability at the review hearing, and claims the minor is not adoptable. Petitioner's final claim is that the court abused its discretion in denying her request for placement with petitioner, who resides in Mexico, or

for transfer of the proceedings to San Diego County, where petitioner could visit and participate in services. According to petitioner, the record supports her contention that returning the minor to her custody would not be detrimental to the minor.

The record does not support petitioner's claims. At the time the section 300 petition was filed, petitioner was incarcerated. Thereafter, the juvenile court granted petitioner reunification services. However, she chose not to avail herself of those services. After she was released from custody, petitioner voluntarily returned to Mexico, her place of birth.[4] Petitioner did not attend the 12-month review hearing.

Extensions of the reunification period are justified only by unusual circumstances. (See, e.g., *In re Elizabeth R.* (1995) 35 Cal.App.4th 1774, 1798-1799 [42 Cal.Rptr.2d 200].) It was petitioner's choice not to participate in court-ordered services. Extending the reunification period now would be futile. Accordingly, the juvenile court did not err by declining to extend reunification services.

As to petitioner's claim the court erred in finding the minor likely to be adopted, such a finding at the 12-month review hearing, although premature, is harmless. The selection of a permanent plan must necessarily await section 366.26 hearing but the court's premature finding of adoptability does not compromise the selection process. At that hearing, petitioner will have an opportunity to litigate the issue of the minor's adoptability.

Matters such as placement of the minor and transfer of the proceedings to another jurisdiction are committed to the sound discretion of the juvenile court. (§ 375; Cal. Rules of Court, rule 1425(e); cf. *In re Stephanie M.* (1994) 7 Cal.4th 295, 321 [27 Cal.Rptr.2d 595, 867 P.2d 706].) The minor is living in a stable foster family placement. He has special medical needs which are being met. Nothing in the record suggests petitioner has addressed the issues which prompted the initiation of proceedings. In making the challenged orders and rulings, the juvenile court acted in the minor's best interests. There was no abuse of its discretion. (*In re Stephanie M., supra,* 7 Cal.4th at p. 321; cf. *In re Robert L.* (1993) 21 Cal.App.4th 1057, 1067 [24 Cal.Rptr.2d 654].)

---

[4] Petitioner told authorities she was an "illegal alien," but that the minor was born in Sacramento.

The petition and request for a stay are denied.

Nicholson, J., and Morrison, J., concurred.