[No. F033365. Fifth Dist. Sept. 21, 1999.]

MARSHALL M., Petitioner, v.
THE SUPERIOR COURT OF KERN COUNTY, Respondent;
KERN COUNTY DEPARTMENT OF HUMAN SERVICES, Real Party in
Interest.

---

**COUNSEL**

David G. Duket for Petitioner.

No appearance for Respondent.

B.C. Barmann, Sr., County Counsel, and Tom Clow, Deputy County Counsel, for Real Party in Interest.

## OPINION

**LEVY, J.**—Petitioner seeks extraordinary writ review (Welf. & Inst. Code,[1] § 366.26, subd. (*l*); Cal. Rules of Court, rule 39.1B) from respondent court's order that a section 366.26 hearing be held September 24, 1999. He contends the court erred by denying him reunification services under section 361.5, subdivision (b)(10). On review, we conclude respondent did not err. We hold the juvenile court may deny reunification services to a parent under section 361.5, subdivision (b)(10)(A), when the court ordered a permanent plan for another child of that parent as a result of the parent's failure to reunify after that child was removed from the parent's custody under section 361. Under these circumstances, the court need not consider whether the parent subsequently made a reasonable effort to treat the problems that led to removal of the child for whom the court ordered a permanent plan.

### PROCEDURAL BACKGROUND

In May 1999, respondent court adjudged minors Haley M., born November 20, 1995, Marshall M., born August 7, 1997, and Madelyn M., born January 3, 1999, dependent children of the court. Respondent previously determined the three minors came within its jurisdiction under section 300, subdivisions (b) and (j). Specifically, the court found as to each child:

"b-1 The minor's father, Marshall [M.] Sr., is unable to provide adequate protection for the minor. The minor is left in the care of the minor's mother, Stacy [M.], on a daily basis while the minor's father is at work although the minor's father reasonably should know of the substance abuse by the minor's mother.

"b-2 The minor, Haley [M.] was hospitalized in December 1998 as the minor's mother, Stacy [M.], and the minor's father, Marshall [M.], failed to seek medical care for the minor after the minor cut her foot on a sharp object. Several days elapsed after the minor cut her foot before the minor's mother and the minor's father sought medical attention for the minor's injury.[2]

"b-3 Substance abuse, including the use of methamphetamine, by the minor's mother, Stacy [M.] impairs her ability to provide the minor with proper care and supervision. On January 3, 1999, at the time of the birth of

---

[1]All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2]According to the record, Haley's wound led to blood poisoning. Even after the parents were advised of the blood poisoning and the need for follow-up medical care, they did not take her to doctor appointments or fill her prescriptions.

[Madelyn M.], [she] and the minor's mother both had positive toxicology screens for the presence of methamphetamine. Further, the minor's mother used methamphetamine one day prior to the birth of [Madelyn M.].

" . . . . . . . . . . . . . . . . . . . .

"j-1 On March 14, 1995, the minor's siblings, Cody [M.], Theodore [M.], Austin [M.], and Hannah [M.], were adjudged dependent children of the court under Section 300[, subdivision] (b) of the Welfare and Institutions Code and removed from the custody of the minor's mother, Stacy [M.], and the minor's father, Marshall [M.], due to general neglect and parental substance abuse. The minor's mother and father failed family reunification services for these siblings. On April 17, 1998, parental rights for these siblings were ordered terminated and a permanent plan of adoption was established."

By the time of the May dispositional hearing, the Kern County Department of Human Services (the Department) recommended that the court remove the minors from parental custody and deny each parent reunification services. Pursuant to its reading of section 361.5, subdivision (b)(10), the Department argued the court had previously ordered a permanent plan of adoption for the siblings Cody M., Theodore M., Austin M., and Hannah M. because the mother and father failed to reunify with those siblings following their removal from the parents pursuant to section 361.

At the May hearing, the father claimed he had made subsequent reasonable efforts to treat the problems that led to his initial loss of custody and ultimately to the loss of parental rights to his four older children. Therefore, he urged reunification services were warranted. He testified he had recently taken steps to protect the minors from their mother in the future. He also stated the problems that led to his losing custody of his four older children (neglect in the form of a filthy house and parental substance abuse) were a thing of the past and, in any event, not the cause of the younger children's current detention.

There was conflicting evidence on each of the father's claims. One social worker testified that the father failed to take any steps to alleviate the conditions that led to the removal of the four older children. At best, he produced negative drug tests. Further, the Department detained Haley and Marshall in late 1997 and early 1998 for the same problems that led to the older children's removal. The Department later dismissed its case as to Haley and Marshall in exchange for the parents accepting voluntary services. However, the father did not subsequently participate in any counseling

services. He also did not accept any services after the children were re-detained in 1999. Further, there was testimony disputing the father's claim that his house was "spotless."

In his summation, counsel for the father made a two-prong argument for reunification services. First, his client had alleviated the problems that led to his older children's removal, i.e., a dirty home and substance abuse. Second, the current case was based on different problems, i.e., that "[h]e should have known the mother was using and done something about it and that he failed to get medical attention for his child . . . ."

After the matter was submitted, the court adopted the Department's recommendation and denied the parents reunification services under section 361.5, subdivision (b)(10). It specifically found by clear and convincing evidence: "[t]he Court has ordered a permanent plan of adoption for the children [*sic*] because mother and father failed to reunify with the children' siblings after they had been removed from the parents pursuant to [section] 361 and the mother and father are the same parents." The court made no finding as to what effort, if any, the father subsequently made to treat the problems that led to the 1995 removal of the siblings, Cody M., Theodore M., Austin M., and Hannah M. The matter was then set for a section 366.26 hearing.

The father filed a timely notice of intent to seek writ review.

## DISCUSSION

■ On review, the father reiterates his argument to the juvenile court. He maintains he was entitled to services because he alleviated the problems that led to his older children's removal and eventual permanent plan. In addition, he asserts the current dependency was due to different problems that he should have a chance to correct. The father assumes before the court could deny him services, it had a statutory duty to evaluate the problems that led to the 1995 removal of the siblings, Cody M., Theodore M., Austin M., and Hannah M., and to find he did not subsequently make a reasonable effort to treat those problems. As discussed below, we disagree.

We start with section 361.5, which guides the juvenile court, once it decides out-of-home placement is necessary for a dependent child, in determining whether to order reunification services. In relevant part to this case, section 361.5, subdivision (b)(10) provides:

"(b) Reunification services need not be provided to a parent or guardian described in this subdivision when the court finds, by clear and convincing evidence, any of the following:

" . . . . . . . . . . . . . . . . . . . . . . . .

"(10) That (A) the court ordered a permanent plan of adoption, guardianship, or long-term foster care for any siblings or half-siblings of the child because the parent or guardian failed to reunify with the sibling or half-sibling after the sibling or half-sibling had been removed from that parent or guardian pursuant to Section 361 and that parent or guardian is the same parent or guardian described in subdivision (a), or (B) the parental rights of a parent or guardian over any sibling or half-sibling of the child had been permanently severed, *and that, according to the findings of the court, this parent or guardian has not subsequently made a reasonable effort to treat the problems that led to removal of the sibling or half-sibling of that child from that parent or guardian.*"[3] (Italics added.)

The syntax of subdivision (b)(10) creates an ambiguity over the application of the italicized language. Does the italicized language at the end of subdivision (b)(10) apply to only subpart (B) or to both subparts (A) and (B)? As with other provisions in section 361.5, subdivision (b) that authorize the denial of reunification services under certain circumstances, subdivision (b)(10) contains multiple and alternative conditions to warrant a denial. (See, e.g., § 361.5, subd. (b)(6), (12), (13), (14).)[4] Section 361.5, subdivision (b)(10) is distinguishable from these other subdivisions in that the Legislature inserted the markers "(A)" and "(B)" into subdivision (b)(10). The

---

[3]A parent described in subdivision (a) of section 361.5 is one whose child has been removed from the parent's custody.

[4]Section 361.5, subdivision (b) states in relevant part:

"(b) Reunification services need not be provided to a parent or guardian described in this subdivision when the court finds, by clear and convincing evidence, any of the following:

" . . . . . . . . . . . . . . . . . . . . . . . .

"(6) That the child has been adjudicated a dependent pursuant to any subdivision of Section 300 as a result of severe sexual abuse or the infliction of severe physical harm to the child, a sibling, or a half-sibling by a parent or guardian, as defined in this subdivision, and the court makes a factual finding that it would not benefit the child to pursue reunification services with the offending parent or guardian.

"A finding of severe sexual abuse, for the purposes of this subdivision, may be based on, but is not limited to, sexual intercourse, or stimulation involving genital-genital, oral-genital, anal-genital, or oral-anal contact, whether between the parent or guardian and the child or a sibling or half-sibling of the child, or between the child or a sibling or half-sibling of the child and another person or animal with the actual or implied consent of the parent or guardian; or the penetration or manipulation of the child's, sibling's, or half-sibling's genital organs or rectum by any animate or inanimate object for the sexual gratification of the parent or guardian, or for the sexual gratification of another person with the actual or implied consent of the parent or guardian.

"A finding of the infliction of severe physical harm, for the purposes of this subdivision, may be based on, but is not limited to, deliberate and serious injury inflicted to or on a child's body or the body of a sibling or half-sibling of the child by an act or omission of the parent or guardian, or of another individual or animal with the consent of the parent or guardian; deliberate and torturous confinement of the child, sibling, or half-sibling in a closed space; or

Legislature presumably had its reasons for doing so. However, there is no legislative history on point, as another appellate court has observed (*Shawn S. v. Superior Court* (1998) 67 Cal.App.4th 1424, 1428 [80 Cal.Rptr.2d 80]). At most, we know both subparts of section 361.5, subdivision (b)(10) "go to the heart of the ability of the parent to parent safely and appropriately and respond[] to the often asked question how many children does a parent get to harm before we say, as a matter of law, enough is enough." (Sen. Jud. Com., Rep. on Assem. Bill No. 2679 (1995-1996 Reg. Sess.) p. 12.)

The father's argument assumes the italicized language at the end of section 361.5, subdivision (b)(10) applies to both subparts (A) and (B). As county counsel acknowledges, there is at least one appellate decision (*Shawn S. v. Superior Court, supra,* 67 Cal.App.4th 1424) and a rule of court (Cal. Rules of Court, rule 1456(f)(4)(J)) that support the father. County counsel asks this court to state a published position on the issue and resolve at least for this appellate district whether the subsequent "reasonable effort" finding applies exclusively to subpart (B) or to both subparts (A) and (B) of section 361.5, subdivision (b)(10).

This court took a position on the application of section 361.5, subdivision (b)(10)(A) in *In re Baby Boy H.* (1998) 63 Cal.App.4th 470 [73 Cal.Rptr.2d 793]. In that case, a mother had five children, each of whom had been adjudged juvenile court dependents and had been removed from her custody.

---

any other torturous act or omission that would be reasonably understood to cause serious emotional damage.

" . . . . . . . . . . . . . . . . . . . . . . . . .

"(12) That the parent or guardian of the child has a history of extensive, abusive, and chronic use of drugs or alcohol and has resisted prior treatment for this problem during a three-year period immediately prior to the filing of the petition that brought that child to the court's attention, or has failed or refused to comply with a program of drug or alcohol treatment described in the case plan required by Section 358.1 on at least two prior occasions, even though the programs identified were available and accessible.

"(13) That the parent or guardian of the child has advised the court that he or she is not interested in receiving family maintenance or family reunification services or having the child returned to or placed in his or her custody and does not wish to receive family maintenance or reunification services.

"The parent or guardian shall be represented by counsel and shall execute a waiver of services form to be adopted by the Judicial Council. The court shall advise the parent or guardian of any right to services and of the possible consequences of a waiver of services, including the termination of parental rights and placement of the child for adoption. The court shall not accept the waiver of services unless it states on the record its finding that the parent or guardian has knowingly and intelligently waived the right to services.

"(14) That the parent or guardian has on one or more occasions willfully abducted the child or child's sibling or half-sibling from his or her placement and refused to disclose the child's or child's sibling or half-sibling's whereabouts, refused to return physical custody of the child or child's sibling or half-sibling to his or her placement, or refused to return physical custody of the child or child's sibling or half-sibling to the social worker."

Two of the children, a set of twins, were in a permanent plan and in fact had been adopted due to the mother's failure to reunify. Two others, Shawn and Wyatt, were awaiting a permanent planning hearing after the mother failed to reunify with them. As for Baby Boy H., who tested positive for opiates at birth, the human services department recommended against services based on the mother's failure to reunify with the twins. The juvenile court adopted that recommendation. (*Id.* at pp. 472-473.)

The mother argued, however, that except for a relapse shortly before Baby Boy H. was born, she had made substantial progress as well as a reasonable effort to treat the problems that led to the removal of Shawn and Wyatt. Therefore, she claimed she was entitled to services. (*In re Baby Boy H., supra,* 63 Cal.App.4th at p. 475.) We rejected the mother's argument as follows: "[a]ppellant does not dispute that she failed to reunify with the twins, her parental rights were terminated, and the children were adopted. Thus, section 361.5, subdivision (b)(10)(A) applied to appellant by clear and convincing evidence. Consequently, the juvenile court did not abuse its discretion in ordering that no services be provided to appellant for Baby Boy H." (*Ibid.*)

We thought the result was clear that the court need not consider the mother's claimed subsequent reasonable effort for purposes of section 361.5, subdivision (b)(10)(A). Ironically, the court in *Shawn S.* interpreted language in *Baby Boy H.* to be "consonant with the requirement of reasonable efforts applying to both 'A' and 'B.'" (*Shawn S.* v. *Superior Court, supra,* 67 Cal.App.4th at p. 1429.) We take this opportunity to explain why we conclude the juvenile court need not consider a parent's claimed subsequent reasonable effort in denying reunification services under section 361.5, subdivision (b)(10)(A).

 To resolve the ambiguity in subdivision (b)(10) of section 361.5, we apply rules of statutory construction. Initially, we "should ascertain the intent of the Legislature so as to effectuate the purpose of the law." (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].) We must also give the provision a reasonable and commonsense interpretation consistent with the apparent purpose and intention of the lawmakers, practical rather than technical in nature, which upon application will result in wise policy rather than mischief or absurdity. (*United Business Com.* v. *City of San Diego* (1979) 91 Cal.App.3d 156, 170 [154 Cal.Rptr. 263].) Significance, if possible, should be attributed to every word, phrase, sentence and part of an act in pursuance of the legislative purpose, as "the various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as

a whole." (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) " 'The court should take into account matters such as context, the object in view, the evils to be remedied, the history of the times and of legislation upon the same subject, public policy, and contemporaneous construction.' " (*Cossack* v. *City of Los Angeles* (1974) 11 Cal.3d 726, 733 [114 Cal.Rptr. 460, 523 P.2d 260].)

██ Applying these rules to the language of section 361.5, subdivision (b)(10), we agree with the court in *In re Jasmine C.* (1999) 70 Cal.App.4th 71, 76 [82 Cal.Rptr.2d 493], that this subdivision permits the juvenile court to deny reunification services in either of two distinct situations. One is where a sibling was in a permanent plan as a result of the parent's failure to reunify (§ 361.5, subd. (b)(10)(A)). Another is where the parent's rights as to a sibling were terminated and the parent failed to make reasonable efforts to address the problems that led to that sibling's removal (§ 361.5, subd. (b)(10)(B)).

Our construction of subdivision (b)(10) of section 361.5 gives effect and significance to every word and phrase of the statute. (*People* v. *Thomas* (1992) 4 Cal.4th 206, 210 [14 Cal.Rptr.2d 174, 841 P.2d 159].) To read section 361.5, subdivision (b)(10), as the father assumes we should, is to ignore the Legislature's word choice. We observe in this regard that the Legislature not only resorted to using the markers "(A)" and "(B)," it also distinguished the scenario in which "the court ordered a permanent plan of adoption, guardianship, or long-term foster care for any siblings or half-siblings of the child because the parent or guardian failed to reunify with the sibling or half-sibling after the sibling or half-sibling had been removed from that parent or guardian pursuant to Section 361 and that parent or guardian is the same parent or guardian described in subdivision (a)" from that in which "the parental rights of a parent or guardian over any sibling or half-sibling of the child had been permanently severed[.]" (§ 361.5, subd. (b)(10).)

Subparts (A) and (B), of section 361.5, subdivision (b)(10) are similar in that each involve a court's prior removal of another child of the parent (*Shawn S.* v. *Superior Court, supra,* 67 Cal.App.4th at p. 1429). However, we agree with the court in *Randi R.* v. *Superior Court* (1998) 64 Cal.App.4th 67, 71 [74 Cal.Rptr.2d 770], that there is also a key distinction between the two subparts. This distinction relates to whether the parent has previously failed when given a chance at reunification services. (*Ibid.*)

Under section 361.5, subdivision (b)(10)(A), the parent had an opportunity to reunify and failed. Therefore, the court selected a permanent plan for

the sibling. In other words, in the case of subdivision (b)(10)(A), the parent did not make a reasonable effort to treat the problems that led to the sibling's removal because that parent necessarily failed to reunify.

Section 361.5, subdivision (b)(10)(B) anticipates a discrete scenario. Subpart (B) requires a termination of rights but does not condition the termination upon a parent's failure to reunify. Indeed, the fact that the parent's rights over any sibling have been permanently severed, as mandated by section 361.5, subdivision (b)(10)(B), does not inescapably establish that the parent failed to make a reasonable effort to treat the problems that led to the sibling's removal. A parent's complete abandonment of a child based on the unknown whereabouts of that parent (see, e.g., §§ 300, subd. (g), 361.5, subd. (b)(1), 366.21, subd. (e)) is perhaps the classic example of a section 361.5, subdivision (b)(10)(B) situation. In this example, as in other section 361.5, subdivision (b) scenarios, no attempt was made to reunify parent and child by treating the problems that led to that child's removal. Thus, it is reasonable to require the court, in reaching a disposition for yet another of the parent's children, to evaluate whether that parent subsequently made a reasonable effort to treat the problems that led to the sibling's removal.

We cannot overlook the fact that in a case described by section 361.5, subdivision (b)(10), subpart (A), the court knows as a matter of law that the parent did not make reasonable efforts to treat the problems that led to the sibling's removal. The same cannot be said solely because a parent's rights over another child have been permanently severed. We see in this distinction a legitimate rationale for imposing the "reasonable effort" element exclusively in section 361.5, subdivision (b)(10)(B) situations. The Legislature could well have decided in an era of limited public resources that a parent, as described in section 361.5, subdivision (b)(10)(A), does not deserve another chance to reunify at taxpayer cost unless it is in the child's best interests.

Here, the father had an opportunity to reunify with each of his other children and failed. This in turn led to the court's selection of a permanent plan for each of those children. Under these circumstances, we hold the law did not require the court to give the father another chance at reunification services regardless of any subsequent effort he made to overcome his problems. (§ 361.5, subd. (b)(10)(A).)

As previously mentioned, the *Shawn S.* court took a contrary position on the "reasonable effort" language of section 361.5, subdivision (b)(10). (*Shawn S.* v. *Superior Court, supra,* 67 Cal.App.4th 1424.) It noted in doing so that: ". . . the court [in *Baby Boy H.*] speaks of the need to assess a parent's current parenting skills in determining whether a child should be

declared a dependent. (*Id.* at p. 478.) This is in line with the condition of 'reasonable efforts' to improve one's current parenting ability." (*Id.* at pp. 1429, 1430.)

We have difficulty following the reasoning of *Shawn S.* in this regard. A court's determination on whether a child should be declared a dependent child (§ 361) precedes the decision on reunification services (§ 361.5). If the court assesses a parent's current parenting skills as sufficiently adequate to warrant the child remaining in the family home, there is no removal and no need to address reunification services and a parent's reasonable effort.

It is important to note that by the time a court considers denying reunification services under section 361.5, subdivision (b)(10)(A), the following has occurred:

(1) the parent lost custody of at least one child because of a substantial danger to the child's physical or emotional well-being if the child were returned home (§ 361, subd. (c));

(2) the parent had the benefit of six to eighteen months of reasonable services designed to treat the problems that led to that child's out-of-home placement (§§ 366.21, subds. (e), (f), (g)(2), 366.22, subd. (a));

(3) the parent failed to make sufficient progress so that return of the child to the parent would create a substantial risk of detriment to the child's safety, protection, or physical or emotional well-being (§§ 366.21, subds. (e) & (f), 366.22, subd. (a));

(4) the court as a consequence of events (1), (2), and (3) selected a permanent plan of adoption, guardianship or long-term foster care for the child;

(5) another child of the parent has been placed at risk of harm due to parental abuse or neglect and the court has exercised its dependency jurisdiction over that child pursuant to section 300;

(6) if reasonable efforts could be made to prevent or eliminate the need for this other child's out-of-home placement, those efforts have been made (§ 361, subd. (d)); and

(7) there is still clear and convincing evidence of a substantial danger to the child's physical or emotional well-being to warrant his or her removal from the parent's physical custody (§ 361, subd. (c)).

Furthermore, the court may still order reunification services for the parent, notwithstanding this historic parental abuse or neglect. Section 361.5, subdivision (c) authorizes services if the court finds, by clear and convincing evidence, that reunification is in the child's best interests. (§ 361.5, subd. (c).)[5] A denial of services is neither inevitable nor a foregone conclusion when the court previously ordered a permanent plan for another child as a result of the parent's failure to reunify. The statutory scheme affords the juvenile court considerable discretion to evaluate the circumstances of a particular case and reach an appropriate disposition.

Finally, we acknowledge the language of California Rules of Court, rule 1456, which states in pertinent part:

"(f)(4) Reunification services need not be provided . . . if the court finds, by clear and convincing evidence, any of the following:

". . . . . . . . . . . . . . . . . . . . . . . . . .

"(J) A sibling or half-sibling of the child:

"(i) has been the subject of a court-ordered permanent plan after having been removed from the custody of the parent . . . of the child before the court for the disposition hearing, or has been declared free from the care and custody of the parent . . . under Welfare and Institutions Code section 366.26 or Family Code section 7800 et seq. and ordered placed for adoption; and

"(ii) the court finds that the parent . . . has not made a reasonable effort to treat the problems that led to the removal of the sibling or half-sibling from that parent . . . ."

Had the Legislature drafted the language of section 361.5, subdivision (b)(10) in this fashion, we are certain there would be no dispute over its interpretation. However, this rule of court does not track the language of section 361.5, subdivision (b)(10). The drafters of the rule added new terms and wholly omitted others. In particular, the drafters dropped the requirement, contained in subpart (A) of the statute, that the court ordered a permanent plan for the sibling "because the parent or guardian failed to reunify with the sibling or half-sibling." (§ 361.5, subd. (b)(10)(A).) Since it is inconsistent with the language of the statute, this rule of court does not persuade us. (*People* v. *Hall* (1994) 8 Cal.4th 950, 960-963 [35 Cal.Rptr.2d 432, 883 P.2d 974].)

---

[5]"The court shall not order reunification for a parent or guardian described in paragraph . . . (10) . . . of subdivision (b) unless the court finds, by clear and convincing evidence, that reunification is in the best interest of the child." (§ 361.5, subd. (c).)

Because we hold that a court need not consider a parent's claim of subsequent reasonable effort in determining whether to deny reunification services under section 361.5, subdivision (b)(10)(A), we shall not consider further the father's argument herein.

### DISPOSITION

The petition is denied.

Stone (W. A.), Acting P. J., and Vartabedian, J., concurred.