[Nos. B146128, B149246. Second Dist., Div. Four. Sept. 6, 2001.]

LINDA B., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND
FAMILY SERVICES, Real Party in Interest.

**COUNSEL**

John L. Dodd, under appointment by the Court of Appeal, for Petitioner.

No appearance for Respondent.

Lloyd W. Pellman, County Counsel, and Pamela S. Landeros, Deputy County Counsel, for Real Party in Interest.

**OPINION**

**HASTINGS, J.—**

### BACKGROUND

After the juvenile court entered an order denying reunification services and setting a hearing under Welfare and Institutions Code section 366.26, Linda B.'s (Mother) attorney filed a notice of appeal from the order, instead of a petition for extraordinary writ.[1] Shortly after filing an opening brief, Mother's appellate counsel also filed a petition for writ of habeas corpus or in the alternative, for writ of mandate, claiming ineffective assistance of counsel, in case No. B149246. We treated the petition as a motion for relief from default under rule 39.1B of the California Rules of Court, consolidated it with the appeal, and requested respondent to serve and file opposition to the motion. On May 31, 2001, we granted the motion, and ordered that the

---

[1]See Welfare and Institutions Code section 366.26, subdivision (*l*); *Maribel M. v. Superior Court* (1998) 61 Cal.App.4th 1469, 1471-1472 [72 Cal.Rptr.2d 536]; California Rules of Court, rule 39.1B.

appeal be treated as a petition for writ of mandate, timely filed pursuant to California Rules of Court, rule 39.1B.

Emmanuel was born approximately 12 weeks prematurely on June 6, 2000, and was detained a few days later. According to the disposition report prepared by respondent, Mother had a long history of drug abuse, and at the time Emmanuel was born, she was serving a one-year term for a parole violation that included a failure to take her psychotropic medication and participate in counseling. Mother is schizophrenic, and regularly takes Haldol, Cogentin, and Trazodone.

Mother has two other children, Donnell, born in 1986, and Christopher, born in 1992, both of whom have been dependents of the court since 1993. Reunification services were offered in the case of Donnell and Christopher, but later terminated due to Mother's failure to comply with a court-ordered case plan. Since 1992, they have been in the care of their maternal grandmother, who has been their legal guardian since approximately 1995.

Mother testified at the disposition hearing. She denied that failure to take her medication or participate in counseling was the basis of her parole violation. She testified that she had changed residence without notifying her parole officer, missed one doctor's appointment, and contacted her mother, although she was prohibited from doing so.

Prior to the parole violation, Mother's last incarceration had been in 1998. At the time of the disposition hearing, she was still in prison, where she claimed to be attending a parenting course and having completed four one-hour classes. She testified that she was not in counseling, because the prison did not offer it. Mother admitted that she had not tried to reunify with Donnell and Christopher, but said she intentionally refrained from doing so, because she had things to deal with, and they were in good care.

## DISCUSSION

The juvenile court denied reunification services pursuant to Welfare and Institutions Code section 361.5, subdivision (b)(2) and (10). Mother contends that there was no substantial evidence to support an order under Welfare and Institutions Code section 361.5, subdivision (b)(2), which provides that reunification services need not be ordered when the court finds, by clear and convincing evidence, that the parent is suffering from a mental disability, as described in chapter 2 (commencing with § 7820) of part 4 of division 12 of the Family Code, such that she is incapable of utilizing those services. Such a finding must be supported by evidence given by

two qualified mental-health experts. (See *In re Rebecca H.* (1991) 227 Cal.App.3d 825, 830 [278 Cal.Rptr. 185]; Fam. Code, § 7827.) Having submitted no expert evidence, respondent concedes Mother's first point, but contends that the juvenile court's order was correct under subdivision (b)(10).

■ Mother contends that the juvenile court erred in failing to provide reunification services under Welfare and Institutions Code section 361.5, subdivision (b)(10), based solely upon a finding that reunification services were previously terminated when she failed to reunify with Emmanuel's brothers, without also considering her subsequent efforts to address the cause of their removal from her custody.[2] She asks us to weigh in on the side of Division One of the Fourth District Court of Appeal, which held in *Shawn S. v. Superior Court* (1998) 67 Cal.App.4th 1424 [80 Cal.Rptr.2d 80], that it is not enough to prove under subpart (A) of subdivision (b)(10), that reunification services had been terminated after the parent had failed to unify with her other children, following the removal of the other children from that parent pursuant to section 361. The *Shawn S.* court interpreted the provision to require an additional finding that the parent "has not subsequently made a reasonable effort to treat the problems that led to removal of the [sibling]." (*Shawn S., supra,* 67 Cal.App.4th at p. 1427.)

Mother asks us to reject the conflicting interpretation of Welfare and Institutions Code section 361.5, subdivision (b)(10) made by the Fifth District Court of Appeal in *Marshall M. v. Superior Court* (1999) 75 Cal.App.4th 48 [88 Cal.Rptr.2d 891]. That court explained that the syntax of subdivision (b)(10) creates an ambiguity: the "reasonable effort" phrase at the end of subdivision (b)(10) might be read to apply to both subparts (A) and (B) of the subdivision, or just to subpart (B). (*Marshall M., supra,* at p. 53.) The court expressly rejected the interpretation of *Shawn S.,* and construed it as applying solely to subpart (B). (*Marshall M., supra,* at pp. 54-55.) It held that "this subdivision permits the juvenile court to deny reunification services in either of two distinct situations. One is where a sibling was in a permanent plan as a result of the parent's failure to reunify (§ 361.5, subd.

---

[2]Welfare and Institutions Code section 361.5, subdivision (b)(10) reads: "Reunification services need not be provided to a parent or guardian described in this subdivision when the court finds, by clear and convincing evidence . . . [¶] . . . [¶] [t]hat (A) the court ordered termination of reunification services for any siblings or half-siblings of the child because the parent or guardian failed to reunify with the sibling or half-sibling after the sibling or half-sibling had been removed from that parent or guardian pursuant to Section 361 and that parent or guardian is the same parent or guardian described in subdivision (a), or (B) the parental rights of a parent or guardian over any sibling or half-sibling of the child had been permanently severed, and that, according to the findings of the court, this parent or guardian has not subsequently made a reasonable effort to treat the problems that led to removal of the sibling or half-sibling of that child from that parent or guardian."

(b)(10)(A)). Another is where the parent's rights as to a sibling were terminated and the parent failed to make reasonable efforts to address the problems that led to that sibling's removal (§ 361.5, subd. (b)(10)(B))." (*Marshall M. v. Superior Court, supra,* 75 Cal.App.4th at p. 56.)

Respondent contends that the juvenile court did, in fact, make the additional finding required by the *Shawn S.* court, that Mother had not made a reasonable effort to treat the problems that led to the removal of Emmanuel's brothers. Mother counters that the court found merely that she did not make an effort to reunify with Donnell and Christopher. She contends that the "reasonable efforts" phrase, if applied to Welfare and Institutions Code section 361.5, subdivision (b)(10)(A), requires the lack of reasonable effort to have occurred subsequent to the failure to unify.

Mother's contention demonstrates the weakness in the *Shawn S.* reasoning. Welfare and Institutions Code section 361.5, subdivision (b)(10)(A) refers to the "termination of reunification services for any siblings . . . because the parent or guardian failed to reunify with the sibling . . . after the sibling or half-sibling had been removed from that parent or guardian pursuant to Section 361. . . ." In order to reunify, a parent must make a reasonable effort to treat the problems that led to the sibling's removal. (See *Marshall M. v. Superior Court, supra,* 75 Cal.App.4th at pp. 56-57.) Thus, the distinction between failure to make reasonable efforts to reunify and to failure to make reasonable efforts to address the cause of the removal is one without a discernible difference. (*Id.* at p. 57.)[3]

This point is well illustrated here. The brothers were originally detained because Mother was hospitalized because of her mental illness and because their father's whereabouts was unknown. The court allowed her to live in the home of her mother, the boys' guardian, and ordered her to remain in therapy and take her medications. Her failure to obey court orders led to the termination of reunification services, and consent to live in the guardian's home was rescinded in 1994, when Mother was found using crack cocaine in the home. Thus, Mother's failure to obey court orders intended to address her mental illness and her failure to make reasonable efforts to reunify are one and the same.

We conclude, as the *Marshall* court did, that the juvenile court was not required to determine whether Mother's subsequent efforts were reasonable, prior to denying reunification services under Welfare and Institutions Code

---

[3]We do not address the possible scenarios that might occur under Welfare and Institutions Code section 361.5, subdivision (b)(10)(B). (See *Marshall M. v. Superior Court, supra,* 75 Cal.App.4th at p. 57.)

section 361.5, subdivision (b)(10)(A). (See *Marshall M. v. Superior Court*, *supra*, 75 Cal.App.4th at p. 55; see also *In re Jasmine C.* (1999) 70 Cal.App.4th 71, 76 [82 Cal.Rptr.2d 493].) Once a parent has failed to avail herself of the opportunity to reunify, "the general rule favoring reunification is replaced by a legislative assumption that offering services would be an unwise use of governmental resources. [Citation.]" (*In re Baby Boy H.* (1998) 63 Cal.App.4th 470, 478 [73 Cal.Rptr.2d 793].)

### DISPOSITION

The petition for writ of mandate is denied.

Vogel (C. S.), P. J., and Epstein, J., concurred.